UNITED STATES of America, Appellee,

v.

Luis Angel
ECHEVERRI–JARAMILLO, Appellant.

No. 85–5053.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 13, 1985.

Decided Nov. 21, 1985.

Michael Murchison (Murchison, Taylor & Shell, Wilmington, N.C., on brief) for appellant.

Sara Criscitelli, Washington, D.C. (Samuel T. Currin, U.S. Atty., Raleigh, N.C., Samuel Rosenthal, Chief, Appellate Section, Washington, D.C., on brief) for appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

MURNAGHAN, Circuit Judge:

The defendant, Luis Angel Echeverri-Jaramillo ("Echeverri") appeals from his conviction 1) of conspiracy to possess with intent to distribute cocaine (a Schedule II narcotic controlled substance) in violation of 21 U.S.C. § 846; 2) of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and 3) of interstate travel to promote distribution of narcotics in violation of 18 U.S.C. § 1952(a).

I.

Echeverri, a Columbian national, traveled in September 1984 from Manchester, New Hampshire to Wilmington, North Carolina, where he arrived on September 19th. In a Wilmington bar, Echeverri met some crewmen from the Magrunel, a Columbian vessel and the bartender, Norma Saquarella. Echeverri translated for the crewmen at the bar and the group, including Saquarella, decided to leave after the bar closed to go to the apartment of another patron of the bar, Karen Schadt, an acquaintance of one of the crewmen. At the apartment Echeverri produced a small plastic bag of cocaine which everyone but Schadt used.

At some point thereafter, one of the crewmen offered the women $3,000 each for their assistance in taking cocaine off the Magrunel. Echeverri translated for the crewmen, with whom he continued to speak during this time, and explained to the women that they were to help take a large amount of cocaine from the boat and bring it back to Schadt's apartment in Schadt's car.

Saquarella, a paid police informant, absented herself at some point during the conversations and called the Wilmington police to inform them about the plan to transport the cocaine from the Magrunel. Saquarella asked a Wilmington police officer to meet her at a local restaurant, where she and two of the crewmen were going to stop. At the restaurant, Saquarella secretly told the officer of the group's plans and he agreed to establish surveillance on the party. At the dock, on the pretext that they were partying, the two crewmen and Saquarella went on board the Magrunel. They emerged a short time later, accompanied by another crewman and carrying a large duffle bag which they put in the car.

Schadt, Echeverri and the one crewman who had remained at the apartment began to worry about the others' extended absence. When the group arrived back from the Magrunel, they were intercepted by police and customs officials and arrested outside the building. Schadt overheard the arrest and warned Echeverri, who produced a second plastic bag containing white powder, which Schadt flushed down the toilet. When the police entered the apartment, they found Echeverri lying on the floor of a bedroom feigning sleep. The police then arrested Echeverri.

Echeverri testified on his own behalf at trial and sought to establish the innocent bystander defense. He claimed that he had come to Wilmington to seek work and had not met the Magrunel crewmen before that evening. He said that he had no cocaine on his person the evening of the arrests and denied knowledge of the others' trip to the

Magrunel.[1] Echeverri also said that he had had too much to drink and had fallen asleep. The crewmen of the Magrunel stated that they had never met Echeverri before and that he was not part of the plan to smuggle cocaine.[2] A shipboard police informant also testified that he did not know anything about Echeverri personally, although he knew that there was to be a pick-up man for the smuggled cocaine.

Echeverri claims that the district court committed error in three respects: 1) by failing to instruct the jury on the lesser included offense of simple possession of cocaine; 2) by admitting evidence concerning Echeverri's possession of cocaine, which was not part of the charged conspiracy, and by not giving a limiting instruction about the evidence; and 3) by refusing to dismiss the Travel Act violation count at the end of the government's case.

## II.

Echeverri argues that he was entitled to an instruction for simple possession of cocaine, 21 U.S.C. § 844, a lesser included offense for possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). Defendant contends that the jury might rationally have convicted him of mere possession because it was shown he had only a small amount of cocaine with him at Schadt's apartment and it was thus possible to infer that he possessed the cocaine only for personal use. *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973).

█ A defendant is only entitled to an instruction for a lesser included offense "where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965).

Such an instruction benefits the defendant by "afford[ing] the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal." *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980).

The indictment against Echeverri, which charged him with conspiracy to possess with intent to distribute and possession with intent to distribute cocaine, recited overt acts relating only to the over thirty-five pounds of cocaine which were removed from the Magrunel. The trial judge clearly instructed the jury that the first count "relat[ed] to the possession with intent to distribute approximately thirty-five plus pounds of cocaine" and that the second count "charges the defendant with aiding and abetting other persons in their possession with intent to distribute approximately thirty-five plus pounds of cocaine."

█ The smaller amount of cocaine allegedly possessed by Echeverri when he entered Schadt's apartment was not part of the indictment and consequently had no role in the judge's jury instructions as to nature of the crimes charged. The predicate for a lesser-included offense instruction was absent, *i.e.*, "a disputed factual element which is not required for conviction of the lesser included offense." *Sansone v. United States*, 380 U.S. at 350, 85 S.Ct. at 1009. In order to be entitled to such an instruction, Echeverri would have to maintain that he had no intention of distributing the *thirty-five plus pounds of cocaine*, and merely intended to possess it. However, as we have recently reiterated, "[a] defendant's intent to distribute the drug may be inferred from the quantity of drugs he possesses." *United States v. Samad*, 754 F.2d 1091, 1096 (4th Cir.1984). Here, the quantity of cocaine (over thirty-five pounds) and its street value (between

---

**1.** It is a bit much, however, to ask us to believe that Echeverri was an innocent and an ignorant bystander where the evidence permitted a jury finding that he translated the request of a Magrunel crewman for assistance, in return for $3,000, in the bringing on shore of a large amount (over 35 kilograms) of cocaine.

**2.** On the evidence before the jury, however, that could have meant no more than that his participation began very late in the game.

five and seven million dollars) were such "as to rule out the possibility of simple possession, so huge as to require that the case proceed on the theory that the quantity conclusively has demonstrated an intent to distribute." *United States v. Levy*, 703 F.2d 791, 793 n. 7 (4th Cir.1983). Thus, a lesser included instruction as to the large amount of cocaine here was not required.

### III.

Echeverri next contends that the district court committed error by admitting evidence concerning his possession of the small amount of cocaine at Schadt's apartment, or, alternatively, by refusing to give a limiting instruction on the use by the jury of such evidence.

■ Because the smaller amount of cocaine was not part of the indictment, evidence relating to it did not come in as direct proof of the overt acts charged by the indictment. Nonetheless, such evidence was admissible under Fed.R.Evid. 404(b), as evidence of other acts to show "proof of motive, opportunity, intent, preparation, plan, knowledge, intent, or absence of mistake or accident." Here, the trial judge admitted the evidence concerning the small amount of cocaine on that basis, denying Echeverri's motion *in limine* to restrict the use of that evidence, and refusing to give an instruction concerning the lesser included offense.

We have held that the standard for admissibility of other extrinsic act evidence requires that the trial court "first ... determine if the proferred evidence is relevant to an issue other than the accused's character. If so, then the trial judge must balance the evidence's probative value against the danger of undue prejudice aroused by this form of evidence." *United States v. Johnson*, 634 F.2d 735, 737 (4th Cir.1980), *cert. denied*, 451 U.S. 907, 101 S.Ct. 1974, 68 L.Ed.2d 295 (1981); *United States v. Bice-Bey*, 701 F.2d 1086, 1089 (4th Cir.1983), *cert. denied*, 464 U.S. 837, 104

S.Ct. 126, 78 L.Ed.2d 123 (1983). The government argues here that the evidence concerning Echeverri's possession of the smaller bags of cocaine was relevant to his knowledge of the transaction and tends to undermine the defendant's claim that he was an innocent bystander.

■ We accord great deference to the sound discretion of the trial court in admission of evidence and weighing probative value and prejudice. "[A]bsent extraordinary circumstances, the Courts of Appeal will not intervene" in those determinations. *United States v. MacDonald*, 688 F.2d 224, 227–28 (4th Cir.1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983); *United States v. Hadaway*, 681 F.2d 214, 217 (4th Cir.1982).

Here, the probative value of the evidence, *i.e.*, "its relevance, necessity, and reliability", was the light it shed on the defendant's claim that his involvement in the conspiracy was mere non-nefarious happenstance. *United States v. Hadaway*, 681 F.2d at 217. In hindsight, this evidence, if not actually muddying the waters, did not perhaps cleanse them because it was not necessary to the government's case in chief. Yet because the evidence was relevant to rebut the principal defense asserted we will not disturb the trial court's discretion to admit it.

■ Defendant's further claim that the trial judge erred by not giving a limiting instruction is also without merit. Echeverri never made a specific request for an instruction under Fed.R.Evid. 105.[3] On the first instance, when the question of the admissibility of the evidence arose, the trial judge denied Echeverri's motion *in limine* and defendant made no request for a limiting instruction.

Later, after the judge charged the jury, Echeverri again requested a jury instruction concerning possession of the small amount of cocaine as a lesser included offense. Defendant again did not specifically

---

**3.** Fed.R.Evid. 105 states that "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."

request a limiting instruction. The court denied defendant's request for a lesser included offense instruction because "the indictment doesn't charge [the defendant] with that." Nonetheless, the judge had told the jury "that you are here to determine the guilt or innocence of the accused from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment."

In short, the defendant never made a specific request for a limiting instruction, but rather seemed to proceed throughout on the theory that he was entitled to an instruction on simple possession of the smaller amount of cocaine as a lesser included offense.

■ In the normal instance, a limiting instruction for other acts or crimes evidence must be given to help guard against undue prejudice in admitting evidence under Rule 404(b), which is particularly great for evidence relating to other crimes. *United States v. Samuel*, 431 F.2d 610, 612–13 (4th Cir.1970), *cert. denied*, 401 U.S. 946, 91 S.Ct. 964, 28 L.Ed.2d 229 (1971); *United States v. Masters*, 622 F.2d 83, 87 (4th Cir.1980).

However, given the lack of such a request by Echeverri, the district court's failure to give such an instruction does not amount to reversible error. Not only does the evidence here not concern a previous crime but there was also considerable evidence connecting Echeverri to the larger amount of cocaine and the discussions and plan to remove it from the Magrunel. Finally, the judge clearly charged the jury that evidence concerning the defendant's guilt or innocence was to be considered only in relation to crimes outlined in the indictment. We conclude that the lack of an explicit limiting instruction was not improper, given both his counsel's failure to request one explicitly and the nature of the evidence introduced. *United States v. Jimenez*, 613 F.2d 1373, 1377 (5th Cir. 1980).[4]

## IV.

Echeverri finally contends that refusal of the court below to strike the Travel Act violation count was error, because at the end of the government's case his violation of the Travel Act had not been proved. As charged by the court below, in order to prove such a violation, under 18 U.S.C. § 1952(a) it must be shown that 1) the defendant traveled in interstate commerce on or about the time and between the places noted in the indictment; 2) that the defendant engaged in such travel with the specific intent to promote, manage, establish or carry on an unlawful activity and that 3) the defendant did thereafter knowingly and willfully commit an act to promote, manage, establish or carry on such an unlawful activity.

■ Here, the defendant has admitted that evidence proferred after the government rested its case was sufficient to sustain the jury's verdict on this count.

---

**4.** This result is also supported by our decision in *United States v. Baldivid*, 465 F.2d 1277, 1281 (4th Cir.1972), *cert. denied*, 409 U.S. 1047, 93 S.Ct. 519, 34 L.Ed.2d 499 (1972), a pre Federal Rules of Evidence case, where we noted that the failure of one defendant to object to a charge (where a limiting instruction was given for another defendant), was not plain error. In Federal Rules cases, other circuits have held that the failure of a defendant to make an adequate request for a cautionary instruction is fatal to consideration of the issue on appeal. *United States v. Adamson*, 665 F.2d 649, 660 (5th Cir. 1982), *cert. denied*, 464 U.S. 833, 104 S.Ct. 116, 78 L.Ed.2d 116 (1983); *United States v. Murzyn*, 631 F.2d 525, 531 (7th Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981); *United States v. Cooper*, 577 F.2d 1079, 1088 (6th Cir.1978), *cert. denied*, 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978); *United States v. Bermudez*, 526 F.2d 89, 97 (2d Cir. 1975), *cert. denied*, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976). In *Bermudez*, 526 F.2d at 97 the court noted that Fed.R.Crim.Proc. 30 states that "no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection.*" (Emphasis provided). Here, Echeverri did not make his objection to the charge on 404(b) grounds sufficiently clear and it may not be before us on appeal. However, in any case, the previous instruction given by the district court minimized the possibility of prejudice.

**938**

Echeverri has argued that the contention that the evidence was insufficient should have been judged as of a point in time prior to the subsequent introduction of evidence in the case, *i.e.*, in his own presentation of testimony. However, defendant's objection was rendered nugatory by his own introduction of evidence on the Travel Act count. "By introducing evidence, the defendant waives his objections to the denial of his motion to acquit." *United States v. Calderon*, 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 188 n. 1, 99 L.Ed. 202 (1954). Echeverri took his chances by offering his defense at the end of the government's case "with the risk that in so doing he will bolster the government case enough for it to support a verdict of guilty." *McGautha v. California*, 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971).

The conviction of the defendant is, accordingly,

AFFIRMED.