835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Everardo BARATA-JIMENEZ, Defendant-Appellant.
 No. 87-5562.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1987.
Decided Nov. 23, 1987.
 
 Joseph Edward Carey for appellant.
 Katharine Jacobs Armentrout, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Everardo Barata-Jimenez appeals from his conviction by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Finding no error, we affirm.
 
 
 2
 Appellant was arrested with several others, on August 6, 1985, as part of a sting operation conducted by agents of the Drug Enforcement Agency ("DEA") and set up with the help of a government informant, Alec Bryan Edelen. Three kilograms of cocaine were recovered during the arrest. A search of the appellant's person revealed an additional 1.21 grams of cocaine folded within a $10 bill.
 
 
 3
 At trial, Edelen testified that he, appellant and others were involved in a cocaine distribution scheme between September, 1984, and August, 1985. According to Edelen, appellant delivered two kilos of cocaine to him on two separate occasions, and also brought a blue bag containing the three kilos of cocaine into the apartment on the day of the arrest.
 
 
 4
 On appeal, appellant contends that the trial court erred in admitting into evidence the small amount of cocaine found on his person when this evidence was unrelated to the charges against him. Appellant also argues that the probative value of this evidence was outweighed by its prejudicial effect and should have been excluded under Fed.R.Evid. 403. We disagree.
 
 
 5
 Extrinsic or other act evidence is admissible if relevant to an issue other than the accused's character whenever the probative value of the evidence exceeds any danger of undue prejudice. United States v. Echeverri-Jaramillo, 777 F.2d 933 (4th Cir.1985). Here, appellant denied all knowledge of a cocaine conspiracy, claimed that the small amount of cocaine found in his possession was for personal use, and that the blue bag contained towels, not cocaine. With these assertions, appellant in effect conceded that his knowledge and intent were in issue. Appellant does not dispute his presence at the apartment on August 6, 1985. Rather, he claims he took no part in the conspiracy to distribute cocaine. The evidence tended to refute appellant's claim that he was merely an innocent bystander. We find, therefore, that it was within the trial court's discretion to admit it. See United States v. Rhodes, 779 F.2d 1019, 1031 (4th Cir.1985).
 
 
 6
 Accordingly, appellant's convictions are affirmed.
 
 
 7
 AFFIRMED.