835 F.2d 876
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. TUCKER, Defendant-Appellant.
 No. 87-5528.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 3, 1987.
Decided Dec. 2, 1987.
 
 Gregory Bruce English, English & Smith on brief, for appellant.
 Henry E. Hudson, United States Attorney, Ellyn Marcus Lindsay, Special Assistant United States Attorney on brief, for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Michael J. Tucker was indicted on felony charges of extortion by an officer of the United States, in violation of 18 U.S.C. Sec. 872 (1984), and of theft within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. Sec. 661 (1984).[1] Both crimes are misdemeanors if the property taken is of a value not exceeding $100. At the conclusion of the evidence, and over defendant's objection, the trial court instructed the jury as to the greater and lesser included offenses. In this appeal, Tucker now challenges his misdemeanor convictions as to the extortion and theft charges claiming, inter alia, that the trial court's instructions with regard to the lesser offenses resulted in an unjust compromise verdict by the jury. Finding this appeal to be without merit, we affirm.
 
 
 2
 The evidence adduced at appellant's trial revealed that on August 18, 1986, at approximately 9:00 p.m., Walter Chase and a group of his fraternity brothers drove to Dulles International Airport in Chase's car. The group parked at the terminal and went inside. When they returned to the car approximately one and one-half hours later, Tucker, who was then a police officer with the Federal Aviation Administration stationed at Dulles Airport, arrested Chase on a Maryland warrant.[2] As Tucker led Chase away through the terminal, one of the group, Jeffrey Jones, drove the car around to the police station located at the back of the airport, parked and went inside.
 
 
 3
 According to Jones' testimony at trial, approximately twenty minutes later, Tucker came out to where Jones was waiting and, after informing him that he could impound Chase's car, obtained his permission to search the vehicle. Tucker's search of the trunk uncovered a rifle and a hunting knife. Tucker told Jones the weapons would mean additional charges. At that point, two other airport officers, Albert Tinsman and Randall Gillespie, walked by and observed Tucker take a rifle from the rear of the car. After the officers left, Tucker asked Jones, "Are you willing to say that you don't see these things?" When Jones replied, "I don't see a thing," Tucker walked away carrying the knife and the gun. The same two officers who had seen Tucker take the rifle from the trunk of the car also observed Tucker carrying the rifle across a parking lot toward the air cargo building. A short time later, Officer Gillespie saw Tucker return from the cargo area without the rifle.
 
 
 4
 Tucker neither told his supervisor about finding the knife and the rifle, nor mentioned the weapons in the incident report. When Chase called to report that the items were missing from his car, an investigation was launched. Tucker was subsequently indicted on the aforementioned charges.
 
 
 5
 At trial, Tucker claimed that Chase, Jones, and the officers had framed him. Tucker was convicted and sentenced to 120 days incarceration. This appeal followed.
 
 
 6
 On appeal, Tucker contends that: (1) the trial court erred in instructing the jury on two lesser included offenses, (2) the conviction for theft should be dismissed as a lesser included offense of extortion, and (3) certain evidentiary rulings by the trial court denied appellant a fair trial. Upon consideration of the record and briefs,[3] we conclude that these contentions lack merit.
 
 
 7
 An instruction for a lesser included offense is proper "where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." United States v. Echeverri-Jaramillo, 777 F.2d 933, 935 (4th Cir.1985), cert. denied, 106 S.Ct. 1237 (1986). The offenses of which Tucker was convicted, 18 U.S.C. Sec. 872 and 18 U.S.C. Sec. 661, are felonies if the value of the property involved exceeds $100, but are misdemeanors if the value of the property is less than $100. In this case, a genuine issue of fact existed at trial as to the value of the missing gun. Thus, the trial court was correct in giving both the greater and lesser included offense instructions.
 
 
 8
 We likewise find no error in appellant's conviction for theft, 18 U.S.C. Sec. 661. It is well settled that a single act may form the basis of more than one criminal charge when the statutes contain distinct elements. A conviction for the crime of extortion under 18 U.S.C. Sec. 872 requires, inter alia, that the defendant be "an officer, or employee of the United States ..., or representing himself to be...." A conviction under 18 U.S.C. Sec. 661, however, demands that the illegal act take place "within the special maritime and territorial jurisdiction of the United States." Clearly, in this case, appellant's conviction under both statutes was proper.
 
 
 9
 Furthermore, our review of the record reveals no impropriety in the trial court's stipulation as to Officer Rich's testimony,[4] as Officers Van Dyne and Cox's statements would merely be cumulative. We find no error with regard to Tucker's remaining contentions and his conviction is, accordingly, affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Tucker was also indicted and subsequently acquitted on one count of interference with commerce by extortion, in violation of 18 U.S.C. Sec. 1951
 
 
 [2]
 Chase was wanted on charges of theft, which were later reduced to receiving stolen property
 
 
 [3]
 This Court granted appellant's motion to dispense with oral argument in this case
 
 
 [4]
 Officer Rich testified that, during his routine patrol, he did not see Tucker carrying a rifle across the parking lot. The trial court ordered the defendant to stipulate that Officers Van Dyne and Cox would testify the same way