914 F.2d 1493
 31 Fed. R. Evid. Serv. 226
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald E. THOMAS, Defendant-Appellant.
 No. 89-5699.
 United States Court of Appeals, Fourth Circuit.
 Argued July 17, 1990.
Decided Sept. 25, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CR-89-181).
 Joseph A. Balter, Assistant Federal Public Defender, Baltimore, Md., argued for appellant; Fred Warren Bennett, Federal Public Defender, Baltimore, Md., on brief.
 Larry David Adams, Assistant United States Attorney, Baltimore, Md., for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and G. Ross ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Ronald E. Thomas was convicted in the United States District Court for the District of Maryland on one count of theft of mail matter by a postal employee, in violation of 18 U.S.C. Sec. 1709. He alleges that the trial court erred in allowing the government to introduce evidence that he was the object of suspicion prior to commission of the acts charged in the indictment, and in limiting cross-examination relating to a witness' bias. Finding no merit in either assertion, we affirm the conviction.
 
 I.
 
 2
 The United States Postal Service employed Thomas in the Claims and Inquiry Section of one of its Maryland offices. In response to complaints that mail was disappearing from the Claims and Inquiry Section, Postal Inspector Shaun O'Hara conducted a "blind," or unobserved, test to determine whether a test letter containing cash would disappear from Thomas' area. Although the letter disappeared, the test did not conclusively prove that Thomas had taken it. Following the blind test, Inspectors O'Hara and Pat Achimovic conducted a "live" test in which they directly observed from overhead portals Thomas' handling of a test letter containing cash. They saw Thomas place his hand in a penalty envelope containing the test letter, saw him later with the money envelope that had been inside the test letter, found the money inside Thomas' desk, and recovered the penalty envelope from a trashcan into which Thomas had tossed something while carrying the money envelope. Thomas did not deny taking the money but explained that he knew he was being tested and intended to return the money to his superior. The jury convicted Thomas on one count of theft of a mail matter by a postal employee, from which Thomas appeals.
 
 II.
 
 3
 Thomas argues first that the trial court erred in allowing O'Hara to testify that Thomas was the object of suspicion prior to the "live" test. We disagree. This circuit has noted that Fed.R.Evid. 404(b), which limits admission of extrinsic evidence, permits introduction of "all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Percy, 765 F.2d 1199, 1203 (4th Cir.1985) (citing United States v. Masters, 622 F.2d 83, 85 (4th Cir.1980)). Here the evidence was admissible to present the setting and context in which the "live" test was conducted. It additionally shed light on the defendant's principal claim that O'Hara, in addition to other postal authorities, was biased against him and had singled him out for impermissible considerations. See United States v. Echeverri-Jaramillo, 777 F.2d 933, 936 (4th Cir.1985); United States v. Hadaway, 681 F.2d 214, 217-19 (4th Cir.1982). Evidence that O'Hara had not bypassed standard procedure and unfairly targeted Thomas was therefore quite probative, outweighing any prejudicial effect. We thus discern no abuse of the trial court's discretion in admitting this evidence while offering to give an appropriate limiting instruction. See Echeverri-Jaramillo, 777 F.2d at 936-37.
 
 III.
 
 4
 Approximately five to six weeks following the "live" test, O'Hara and Thomas were involved in an altercation at the post office that several of Thomas' co-workers and friends observed. Thomas argues that the court's limitation of cross-examination of O'Hara concerning the details of the altercation prevented him from demonstrating O'Hara's bias and constituted reversible error. We believe the trial court set appropriate boundaries for cross-examination and that Thomas was not prejudiced as a result.
 
 
 5
 First of all, Thomas had the opportunity to question O'Hara fully on all possible areas of bias and was prohibited only from conducting essentially a blow-by-blow investigation of the altercation. For example, during cross-examination of O'Hara, defense counsel asked about the post office's subsequent investigation into the fight and O'Hara's attitudes towards it. Counsel additionally questioned O'Hara about witnesses to the altercation who described O'Hara as aggressive and hostile, and elicited the information that the altercation had been physical and that O'Hara claimed that Thomas had assaulted him. Besides the extensive cross-examination of O'Hara, two witnesses who had observed the altercation testified for Thomas, describing the events leading up to the physical contact and their impressions of the exchange. Cross-examination about the physical details of the altercation would have resulted only in a mini-trial on the collateral issue of the fight, as the court below observed. Not only was the court justified in restricting such a line of questioning based on its minimal relevance, United States v. Greenwood, 796 F.2d 49, 54 (4th Cir.1986), but given the wealth of evidence admitted about the altercation and O'Hara's potential bias, as well as the fact that a second inspector observed and testified about the "live" test, any error would have been harmless. See United States v. Crockett, 813 F.2d 1310, 1315-16 (4th Cir.1987).
 
 The judgment of the district court is
 
 6
 AFFIRMED.