911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton Keith JAMES, a/k/a Buddy, a/k/a Joseph Robinson,
a/k/a Victor Marvin Robinson, a/k/a Kenneth Jiles,
a/k/a James Trazell, a/k/a Torrence
Milvon, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rutherford Ronald ROGERS, a/k/a Ronald Lee Saname, a/k/a
Ronald Jackson, a/k/a Rodney Walker, a/k/a
Theodore Ronald Willis, a/k/a Sylvester
Ronald Lewis, a/k/a John
Mendenhall,
Defendant-Appellant.
 Nos. 89-5060, 89-5110.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1990.
Decided Aug. 6, 1990.
As Amended Nov. 20, 1990.
Rehearing Denied Nov. 20, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-88-70-K)
 Margaret Ziegler Ferguson, Wilmer, Cutler & Pickering, Washington, D.C., Jerald Wayne Newton, Santa Monica, Cal., for appellants.
 E. Thomas Roberts, Assistant United States Attorney, Baltimore, Md., (argued), for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Milton Keith James ("James") and Rutherford Ronald Rogers ("Rogers") appeal their convictions and sentences for conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of phencyclidine ("PCP") in violation of 21 U.S.C. Sec. 846, possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C. Sec. 841(a)(1), and aiding and abetting the commission of these offenses in violation of 18 U.S.C. Sec. 2. They contend that: (1) there was insufficient evidence to support their convictions; (2) certain evidence should have been excluded as prejudicial and other evidence suppressed for lack of proper foundation; (3) the closing arguments were tainted by prosecutorial misconduct; (4) the federal sentencing guidelines were applied incorrectly to Rogers; and (5) the special assessment imposed by the district court was unconstitutional. Because no reversible errors were committed by the court below, the convictions and sentences are hereby affirmed.
 
 I.
 
 2
 At the outset, James and Rogers argue that the evidence was insufficient to establish either participation in a criminal conspiracy as charged in Count 1, or unlawful possession by Rogers as charged in Counts 4 through 6. The appropriate standard of review was set forth by this court in United States v. Tresvant:
 
 
 3
 The guidelines for reviewing the sufficiency of evidence to support a conviction are quite familiar. The relevant question is not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established.
 
 
 4
 677 F.2d 1018, 1021 (4th Cir.1982) (emphasis in original) (citations omitted), cited in United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986), and United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984). Viewing the direct and circumstantial evidence in the light most favorable to the government, and allowing the government to draw all reasonable inferences therefrom, it is likely that a rational trier of fact could have found James and Rogers guilty beyond a reasonable doubt.
 
 
 5
 Regarding the conspiracy count, the government introduced the testimony of Laura Oropeza, a co-conspirator; hotel, telephone and airline records establishing an ongoing association among the co-conspirators; receipts for wire money transfers between several of the conspiracy's participants, including Rogers; and other incriminating documents and papers seized from James, Rogers and other co-defendants. With respect to the unlawful possession charges contained in Counts 4 through 6, the prosecution introduced Oropeza's testimony that Rogers manufactured and distributed PCP, one of Rogers's fingerprints which was retrieved from a container of chemicals used in the production of PCP, a business card of a company that supplies chemicals used in the manufacture of PCP that was in Rogers's possession at the time of his arrest, the testimony of a chemist regarding the identity of the substances involved in the charged narcotics violations, and other circumstantial evidence showing that Rogers had possessed and distributed large quantities of PCP in concert with his co-conspirators.
 
 II.
 
 6
 Next, James and Rogers maintain that the district court improperly admitted into evidence 52 packets of heroin recovered from a confederate's farmhouse in rural Maryland during a lawful police search. They claim that the challenged evidence should have been excluded under Federal Rule of Evidence 403. Under that rule, district courts may exclude otherwise relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." However, a decision under Rule 403 is committed to the discretion of the trial court, whose judgment will not be disturbed absent an arbitrary or irrational exercise of that discretion. Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir.1987); United States v. Pennello, 668 F.2d 789, 790 (4th Cir.1982).
 
 
 7
 In this case, the government sought to introduce the 52 packets of heroin because they were items of great monetary value and their presence at the farmhouse, where the defendants produced and stored PCP, indicated that it was still under the dominion and control of a member of the conspiracy despite their contention that they had abandoned the property long before the discovery of the PCP manufacturing lab. It should be noted that the packets were neither admitted nor used for the purpose of establishing or inferring heroin distribution. Because the contested evidence was specifically admitted to rebut the claim that the conspirators did not control the farmhouse and the PCP production facility found therein, and because there has been no showing of unfair prejudice, confusion by the jury, or overlapping evidence, there is no support for the argument that the district court's decision was arbitrary or irrational.
 
 
 8
 Rogers also insists that the district court erred in admitting testimony that he paid the security deposit and monthly rent for an expensive apartment in large amounts of cash or by cashier's checks. This testimony is challenged under Federal Rule of Evidence 404(b) as character evidence. Evidence of prior bad acts, when used to establish a propensity for criminal activity, is generally inadmissible under Federal Rule of Evidence 404(b). That rule provides:
 
 
 9
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 10
 Thus, evidence of other crimes, wrongs or acts is not admissible in order to suggest that conduct on a particular occasion stemmed from a criminal disposition. The rationale for this rule is that the probative value of such evidence is ordinarily outweighed by the possibility of prejudice to the defendant and confusion by the jury. Such evidence, however, may be admitted to establish certain specified facts directly relevant to the prosecution. Furthermore, a district court has broad discretion to admit evidence under any exception to Rule 404(b), and its decision will be set aside only if it is arbitrary or irrational, or if the court's discretion is otherwise abused. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988); United States v. Greenwood, 796 F.2d 49, 53 (4th Cir.1986); United States v. Echeverri-Jaramillo, 777 F.2d 933, 936 (4th Cir.1985), cert. denied, 475 U.S. 1031 (1986); United States v. Hadaway, 681 F.2d 214, 217 (4th Cir.1982).
 
 
 11
 In this case, the record indicates that the district court acted neither arbitrarily nor irrationally in admitting the testimony of Rogers's rental arrangements. The evidence of these payments tended to corroborate other testimony establishing that Rogers had received large amounts of cash from a co-conspirator through Oropeza, that Rogers participated in and profited from a plan to produce and distribute PCP, and that his cash flow was directly and adversely affected by the discovery of the drug conspiracy and the police seizures of the conspirators' property.
 
 III.
 
 12
 Rogers and James also assert that their convictions must be reversed because of prosecutorial misconduct during the closing arguments. At issue are the prosecutor's ungraceful attempts to discredit the defendants' evidence by making references to what the government did to prepare for this case rather than to what the trial record revealed. The two contested statements are:
 
 
 13
 No, he is a drug dealer. And we want him off the street and we don't trust what he says by himself. We have gone out and verified everything he said.
 
 
 14
 Joint Appendix at 119 (emphasis added).
 
 
 15
 Now, Mr. Treem and Mr. Bittner and[,] I believe[,] Mr. Maddox all talk about witnesses who have not told the truth. But we know their clients didn't tell the truth.
 
 
 16
 Joint Appendix at 122-23 (emphasis added).
 
 
 17
 At trial, Judge Kaufman asked defense counsel whether the error could be corrected to their satisfaction without a curative jury instruction if the prosecutor immediately referred to specific evidence in the record. All of them indicated that this solution was satisfactory, and the prosecutor then made several references to specific evidence contained in the record. See Joint Appendix at 125-27. Following this, there was neither an objection nor a request for curative instructions. In short, the defendants expressly waived any possible assignment of error on this issue.
 
 IV.
 
 18
 Next, Rogers argues that the district court improperly increased his offense level by four levels under section 3B1.1 of the federal sentencing guidelines. The amount of PCP involved in this case dictated a base offense level of 36 under sections 2D1.1, 2D1.4, and 2X2.1 of the guidelines. The trial court then increased the base offense level by four levels because of Rogers's aggravating role in the offense as provided under section 3B1.1(a) of the guidelines. Rogers claims that his participation in the crime justified no more than a two-level increase under section 3B1.1(c) of the guidelines. Accordingly, Rogers requests that, in the event his convictions are affirmed, his case be remanded for resentencing in accordance with the guidelines.
 
 
 19
 Under section 3B1.1 of the guidelines, a defendant's base offense level may be increased from two to four levels because of an aggravating role in the crime. That provision states:
 
 
 20
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 21
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 
 
 22
 (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
 
 
 23
 (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.
 
 
 24
 In reviewing a district court's application of the guidelines in a given case, this court must "accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e); see also United States v. Stokley, 881 F.2d 114, 115-16 (4th Cir.1989); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). During Rogers's sentencing, the district court concluded:
 
 
 25
 I have no question but that Mr. Rogers was the leader, he was the kingpin. That's what all the evidence indicated.
 
 
 26
 * * *
 
 
 27
 * * *
 
 
 28
 I found totally credible and reliable the evidence that unfolded in this courtroom in terms of time after time after time establishing that the drug offenses did occur, that there was a conspiracy and that Mr. Rogers was the kingpin in connection with it.
 
 
 29
 Now, under those circumstances, in view of the amount of drugs involved, in view of the specific, planned nature of what went on and the sophistication of what went on, I have no question but that the guidelines strongly suggest to this Court, if they do not require the Court, to exercise its discretion to increase by an upward adjustment of four levels.
 
 
 30
 Now, this is not--we're not dealing here with kid stuff. We're not dealing with unsophisticated, unplanned crime. We're dealing here with sophisticated, planned crime with Mr. Rogers at the top of it and in control of it, and that's what the evidence showed as far as this Court is concerned and that's what the jury obviously found.
 
 
 31
 Joint Appendix at 135-36. The record supports both the findings of the district court and the application of the guidelines to the facts. In light of the deference which this court must accord the district court's judgment under section 3742(e), Rogers's sentence must be sustained on appeal.
 
 V.
 
 32
 Finally, James and Rogers contend that the special assessments imposed on them by the district court pursuant to 18 U.S.C. Sec. 3013 are unconstitutional. This question was definitively resolved by the Supreme Court this term in United States v. Munoz-Flores, 110 S.Ct. 1964 (1990), holding that section 3013 is not constitutionally infirm under the origination clause.
 
 
 33
 AFFIRMED.