953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
BOBBY LYNN COOPER, Defendant-Appellant.
 No. 91-5353.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 9, 1992.
Decided Jan. 30, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CR-90-49-B)
 Stephen James Kalista, Big Stone Gap, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Julie Marie Campbell, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before SPROUSE and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bobby Lynn Cooper appeals his convictions and sentences on numerous firearms charges. He was convicted by a jury of making false statements in connection with the acquisition of firearms, of possession of firearms after having been dishonorably discharged from the military, of possession of firearms not registered to him, and of using a firearm (a machine gun) during the crime of distribution of cocaine. We affirm.
 
 
 2
 Federal agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) obtained a search warrant for Cooper's home and seized numerous firearms, including three machine guns. Evidence presented at trial established that he had distributed cocaine and other drugs from his home and other places for several years prior to the search. The government also showed that Cooper was dishonorably discharged from the United States Army in 1967. Cooper testified and presented evidence in his defense. His defense was that he did not know that his discharge from the Army was classified as dishonorable and he denied having made the drug sales that the government witnesses described.
 
 
 3
 On appeal, Cooper contends that the district court erred in denying his pre-trial motion to suppress evidence of his dishonorable discharge and the items seized in the search of his residence. He also argues that the district court abused its discretion in making several evidentiary rulings during his trial. Finally, Cooper contends that a factual finding made by the district court at sentencing was clearly erroneous.
 
 
 4
 Cooper first argues that the district court erred in finding that 32 C.F.R. § 505.3(b)(1) (1990) authorized the Army to release to ATF agents during their investigation his military records which showed his dishonorable discharge. The agents included this information in the affidavit and application for the search warrant for Cooper's residence. We agree with the district court that the regulation allowed the disclosure. The information of Cooper's dishonorable discharge, when considered with the information garnered by the ATF investigation to that point, showed a violation of federal law. This satisfies the prerequisites for disclosure under the regulation.
 
 
 5
 Cooper next contends that the district court abused its discretion in allowing the testimony of Kenneth Newton. Newton testified about purchases of illegal drugs he had made from Cooper prior to the dates alleged in the indictment count which dealt with distribution of cocaine. The district court admitted the evidence under Fed.R.Evid. 404(b). Newton's testimony showed that Cooper had knowledge of drug deals and the use of firearms in connection with that activity. We find that the evidence of these extrinsic acts were, in these ways, relevant to the later cocaine distributions. In addition, when considered with the other evidence of numerous drug sales made by Cooper and connected incidents of firearms possession, the evidence was not unduly prejudicial. See Fed.R.Evid. 403. Finally, Cooper failed to request a limiting or cautionary instruction from the district court regarding this evidence; therefore, there was no reversible error committed by the district court in not giving the instruction. See United States v. Echeverri-Jaramillo, 777 F.2d 933, 936-37 (4th Cir.1985), cert. denied, 475 U.S. 1031 (1986).
 
 
 6
 Cooper next argues that the district court erred in not allowing him to introduce evidence to establish that he had received court orders from a Virginia circuit court judge to carry concealed weapons. The district court found that this evidence was irrelevant. We find no abuse of discretion in not allowing the introduction of this evidence.
 
 
 7
 Cooper also attempted to introduce into evidence his attempts, made after the search of his house, to determine his discharge status. We find that the district court acted within its discretion in refusing to admit this evidence.
 
 
 8
 The district court refused Cooper's attempt to introduce into evidence the complete record of his military disciplinary proceedings. The district court found that the relevant portion of the proceedings, the final judgment, was already in evidence and excluded the remainder of the record. Again, we find no abuse of discretion in this ruling.
 
 
 9
 Finally, Cooper attacks the district court's conclusion at sentencing that he used a machinegun, as opposed to a firearm with less destructive capabilities. He was sentenced to a mandatory thirty-year sentence under 18 U.S.C.A. § 924(c)(1) (West Supp.1991) because of this finding.* He contends that he should have been sentenced to a five-year mandatory sentence. Cooper argues that the jury rather than the court should have made the determination of whether he used a machine gun. This Court has found that an enhancement under the sentencing guidelines for use of a firearm in the commission of an offense is a factual finding subject to the clearly erroneous standard of review. United States v. Apple, 915 F.2d 899, 914 (4th Cir.1990). The district court makes factual findings at sentencing under a preponderance of evidence standard. See United States v. Kant, 946 F.2d 267, 269 (4th Cir.1991).
 
 
 10
 There was sufficient evidence presented during the trial to support this factual finding. Two government witnesses testified to the fact that Cooper distributed cocaine and had in close proximity guns which they described as machine guns and which the government proved by expert testimony were machine guns. We can find no error on the claim that the jury had to make this specific determination or that it was not supported by sufficient evidence.
 
 
 11
 Accordingly, Cooper's convictions and sentences are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This charge in the indictment was subject to the sentencing guidelines having occurred after November 1, 1987. However, no sentencing range was established because the statute requires a consecutive mandatory minimum sentence. See United States Sentencing Commission, Guidelines Manual, § 2K2.4 (Nov. 1991); 18 U.S.C. § 924(c)(1)