51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Jermald GREEN, a/k/a Antonio Jamel Greene,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Jermald GREEN, a/k/a Antonio Jamel Greene,
Defendant-Appellant.
 Nos. 94-5566, 94-5590.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 7, 1995.
Decided March 29, 1995.
 
 William E. Martin, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, NC, for appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, NC, for appellee.
 Before MURNAGHAN, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Antonio Jermald Green appeals from his conviction for possession of a firearm in violation of 18 U.S.C. Sec. 922(g) (1988). On appeal, Green claims that the trial court erred by: (1) applying the sentencing enhancement provision under 18 U.S.C. Sec. 924(e) (West Supp.1994), because he did not have the necessary three predicate convictions; (2) admitting testimony that Green fired the gun the evening after he obtained it; and (3) admitting the gun into evidence and showing it to the jury.
 
 
 2
 Green was convicted of possessing a 9mm. IntraTec semiautomatic gun (a Tec-9), after having been convicted of a felony. The sentencing court applied the sentencing enhancement provision of Sec. 924(e),[1] departed from Green's guidelines range, and sentenced Green to 180 months of incarceration.[2]
 
 
 3
 * Green and Vincent Letterlough, who were both convicted felons, convinced Sandra Lowery to obtain gun permits and purchase guns for them. Lowery bought a Davis-Industries .380 pistol for Letterlough, and a Tec-9 for Green. Letterlough testified that during the next day, he and Green were at a gathering, and someone set off firecrackers that sounded like gunfire. Green left in his car with another person, but returned to ride through the area. Either Green or the other person in the car fired the Tec-9 while holding it out of the car window; Letterlough did not see who fired the gun.
 
 II
 
 4
 Green claims that he did not have the three predicate convictions under state law to warrant a sentencing enhancement under Sec. 924(e). We review this claim de novo because it involves a question of law. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 5
 Section 924(e) allows a sentencing court to impose an enhanced sentence for a defendant who possesses a firearm in violation of Sec. 922(g) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."[3] Green was convicted and sentenced in a single North Carolina proceeding for three crimes: (1) possession with intent to sell or deliver cocaine on September 6, 1991; (2) selling cocaine on September 20, 1991; and (3) selling cocaine on September 27, 1991. The maximum term for each offense was ten years. Green claims that only one conviction resulted as a matter of law when the state court consolidated the three indictments for judgment and sentencing and imposed only one sentence.
 
 
 6
 The district court did not err in applying Sec. 924(e) to Green's sentence.[4] This Court has recognized that "[n]othing in Sec. 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir.1992); see United States v. Bolton, 905 F.2d 319, 323 (10th Cir.1990); United States v. Schieman, 894 F.2d 909, 912 (7th Cir.1990); United States v. Wallace, 889 F.2d 580, 584 (5th Cir.1989). The only requirement for Sec. 924(e) application is that the predicate offenses be " 'committed on occasions different from one another.' " Samuels, 970 F.2d at 1315 (quoting Sec. 924(e)(1)). Most circuits have interpreted this phrase to mean that the three predicate convictions must represent three episodes of felonious criminal activity that are distinct in time. See United States v. Luskin, 926 F.2d 372, 375 (4th Cir.1991). Green's offenses clearly met the standard that the predicate offenses be committed on different occasions because they were committed on different days.
 
 III
 
 7
 Green claims that the district court erred in admitting Letterlough's testimony that either Green or someone in the car with Green fired the Tec-9 near a gathering the evening after Green obtained the gun. We review this claim for an abuse of discretion because it involves the admissibility of evidence. United States v. Echeverri-Jaramillo, 777 F.2d 933, 936 (4th Cir.1985).
 
 
 8
 Green admits the relevancy of the testimony, but contends that it was unduly prejudicial, because it was cumulative, and had little probative value in light of Letterlough's testimony about how the guns were obtained. Green also claims that the testimony was inadmissible as another bad act pursuant to Fed.R.Civ.P. 404(b). Letterlough's testimony showed that Green possessed the gun the day after he obtained it. Considering that possession is the crucial element of the charged offense, 18 U.S.C. Sec. 922(g), the district court did not clearly abuse its broad discretion in admitting the testimony.
 
 IV
 
 9
 Green also claims that the district court erred in admitting into evidence and showing the jury the Tec-9 when he had stipulated that the weapon was a firearm, and relieved the Government of further proof on that issue. Green again contends that the probative value of the evidence was outweighed by the prejudice due to the inherently inflammatory nature of the gun.
 
 
 10
 Green's stipulation only established that the Tec-9 satisfied the definition of a firearm for the purposes of Sec. 922(g); it did not establish that Green possessed the gun. The very existence of the gun corroborated the testimony of the witnesses that Lowery bought a Tec-9 for Green, that Green possessed it, and that it was subsequently recovered by the authorities. Therefore, the district court did not clearly abuse its broad discretion in admitting the gun.
 
 
 11
 Accordingly, we affirm Green's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The implementing guideline provides a sentencing range with a minimum of 180 months of incarceration. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.4, comment. (backg'd) (Nov.1993)
 
 
 [2]
 The court entered a judgment order on July 20, 1994, which stated that Green's sentence was within his guideline range, and Green appealed from that order in No. 94-5566. The sentencing court, however, filed a corrected judgment order on July 26, 1994, which stated that the court departed downward from Green's guidelines range, and Green appealed from that order in No. 94-5590. The sentence was the same on each order; the second order reflected that the sentence included a downward departure
 
 
 [3]
 A serious drug offense is defined as an offense under state law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. Sec. 924(e)(2)(A)(ii) (West Supp.1994)
 
 
 [4]
 Green asserts that his three convictions should be counted as only one conviction because, under North Carolina law, he could not have been sentenced as a habitual offender. See N.C. Gen.Stat. Sec. 14.7-1 (1993). Although state law governs the definition of "conviction," 18 U.S.C. Sec. 921(a)(20) (West Supp.1994), Green has three convictions under North Carolina law, notwithstanding the habitual offender statute. See N.C. Gen.Stat. Sec. 15A-1340.2 (1988); Samuels, 970 F.2d at 1315