**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4242**

———————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

MICHAEL JAY BRACKETT,

          Defendant – Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:08-cr-00056-JPB-DJJ-2)

———————

Submitted: March 10, 2010        Decided: April 12, 2010

———————

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Byron Craig Manford, Martinsburg, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jay Brackett appeals his convictions and 210 month sentence following a jury trial on one count of conspiring to possess with intent to sell stolen firearms, in violation of 18 U.S.C. § 922(j) (2006) ("Count One"), and one count of being a felon in possession of a firearm and ammunition, in violation of §§ 922(g)(1) & 924 (2006) ("Count Six"). We affirm.

Brackett's first argument on appeal is that the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal and his motion for a new trial because, according to Brackett, the evidence was insufficient to sustain his convictions. This court reviews the denial of a Rule 29 motion de novo, United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), and reviews the denial of a Rule 33 motion for new trial for abuse of discretion. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942).

We have reviewed the materials on appeal and determine that the evidence presented, viewed in the light most favorable to the Government, was more than sufficient to sustain

2

Brackett's convictions on Count One and Six. Therefore, Brackett's first claim is without merit.

Next, Brackett argues that the district court erred by not, sua sponte, giving a limiting instruction regarding his prior felony convictions. Brackett failed to object in the district court to the court's failure to give a limiting instruction. Accordingly, his claim is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993) (providing standard).

Assuming without deciding that the district court was required to sua sponte give a limiting instruction, but see United States v. Echeverri-Jaramillo, 777 F.2d 933, 937 (4th Cir. 1985), the alleged error had no effect on Brackett's substantial rights given the abundant evidence against him. Moreover, the district court did instruct the jury that "[t]he defendant is not on trial for any facts--or any acts or crimes not alleged in the indictment," and the parties stipulated to the fact that Brackett had previously been convicted of a felony. No evidence of the prior offense conduct was presented to the jury. Accordingly, this claim fails.

Brackett also argues that a portion of the district court's general jury charge shifted the burden of proof from the United States to him. The district court instructed the jury that

3

> [c]ommon sense is no substitute for evidence, [y]ou are permitted to use your common sense in evaluating all the evidence, including the circumstantial evidence, which the Government has presented to you in an attempt to prove beyond a reasonable doubt the guilt of Michael Jay Brackett.

According to Brackett, the last clause of that charge should have read "which the Government has presented to you in an attempt to prove beyond a reasonable doubt the guilt *or innocence* of Michael Jay Brackett."

The Government was not required to prove Brackett's innocence beyond a reasonable doubt, only his guilt. The district court properly instructed the jury that the burden of proof never shifted from the Government to Brackett and that Brackett was innocent unless and until the Government proved his guilt beyond a reasonable doubt. Accordingly, Brackett's challenge to the jury instruction fails.

Brackett also contends that the district court erred by finding that he obstructed or attempted to obstruct justice and enhancing his advisory guidelines range two levels pursuant to USSG § 3C1.1. A district court's factual findings, including those that serve as a basis for a § 3C1.1 obstruction of justice enhancement, are reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004).

At Brackett's sentencing hearing, Brackett's co-defendant, Crum, testified that he wrote a letter recanting

4

his earlier statement to law enforcement because he believed Brackett would harm him if he did not. The co-defendant was familiar with Brackett's violent past and had received information that Brackett had made a threat against Crum's mother's life. The district court found this testimony credible, a finding we do not reassess on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Based on the evidence presented, the district court did not clearly err in applying the § 3C1.1 enhancement.

Next, although Brackett concedes that his sentence was within the statutory maximum and within the advisory guideline range, he asserts that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, Brackett challenges the sentencing court's finding that he had a penchant for violence after hearing about Brackett's alleged threats against Crum and Crum's mother and about Brackett's alleged violence toward others. To the extent Brackett claims his sentence was enhanced based on his prior criminal history, Apprendi specifically excepted prior criminal history from the facts that must be submitted to a jury. Apprendi, 530 U.S. at 490. Also, to the extent that Brackett alleges the district court based his sentence on uncharged prior bad acts that were not admitted to or found beyond a reasonable doubt, his claim fails because, following United States v. Booker, 543 U.S. 220

5

(2005), a sentencing court continues to make decisions about sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Accordingly, Brackett's Apprendi claim fails.

Brackett next asserts that his counsel rendered ineffective assistance by failing to request a limiting instruction, failing to object at various points in the Government's case in chief, and failing to provide clarification through cross-examination. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have reviewed the materials submitted on appeal and find that the record does not conclusively establish that counsel provided ineffective assistance. Accordingly, we decline to address this issue on direct appeal.

Finally, Brackett claims that the cumulative weight of all errors at trial warrants a new trial. Brackett has not demonstrated that multiple errors occurred; therefore, the cumulative error doctrine does not apply. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002).

For these reasons, we affirm Brackett's convictions and sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED