Certiorari granted, October 1, 2012
Vacated by Supreme Court, October 1, 2012


**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4617**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DAVID WILBERT SHANTON, SR.,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:08-cr-00142-CCB-1)

———————

Submitted:  January 17, 2012        Decided:  January 20, 2012

———————

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, LaKeytria W. Felder,
Assistant Federal Public Defender, Baltimore, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, George J.
Hazel, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, David Wilbert Shanton, Sr., was convicted of two counts of armed bank robbery and related firearm offenses. On appeal, Shanton argues that (1) the district court erred admitting testimony of a DNA expert without requiring the testimony of those persons involved in conducting that DNA testing, and (2) the court erred by ordering that he serve a consecutive ten year sentence for the first of his two 18 U.S.C. § 924(c) (2006) convictions. Finding no error, we affirm.

At trial, Jennifer Luttman, a forensic examiner for the FBI, and an expert in the area of forensic DNA analysis, testified that, in her opinion, the results of DNA testing performed by her staff on a piece of gum found at one of the crime scenes showed the presence of DNA belonging to Shanton. Shanton argues that because Luttman was relying upon data generated by members of her staff, and that the data was testimonial, it was incumbent upon the Government to present as witnesses those persons who conducted the tests, citing Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009) and Crawford v. Washington, 451 U.S. 35 (2004).

In United States v. Summers, __ F.3d __, 2011 WL 6276085, *7-8 (4th Cir. 2011), this court concerned itself with a nearly identical situation. We held that the raw data

generated by the analysts was not testimonial and that the forensic examiner was properly permitted to give his opinion as to the meaning of the data. We conclude, therefore, that Summers controls the outcome of this issue, that Shanton's right to confrontation was not violated and that the district court did not err permitting the FBI forensic examiner to give her expert opinion.

Shanton also argues that the district court erred by ordering that he serve a consecutive ten year sentence for the first of two 18 U.S.C. § 924(c) convictions, claiming that another conviction provided for a greater mandatory minimum sentence. This argument is foreclosed by the Supreme Court's holding in Abbott v. United States, 131 S. Ct. 18 (2010). The Court held "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Id., 131 S. Ct. at 23. The Court held that the statute's "except" clause refers to conduct proscribed by § 924(c): possession of a firearm in connection with a predicate crime. Id., 131 S. Ct. at 26.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED