**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4617**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID WILBERT SHANTON, SR.,

Defendant - Appellant.

On Remand from the United States Supreme Court.  (S. Ct. No. 11-10599)

Submitted:  February 26, 2013            Decided:  March 4, 2013

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Lauren E. Case, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, David Wilbert Shanton, Sr., was convicted of two counts of armed bank robbery and related firearm offenses. On appeal, Shanton argued that (1) the district court erred under the Confrontation Clause of the Sixth Amendment admitting the testimony of a DNA expert without also requiring the testimony of those persons involved in conducting the DNA testing, and (2) the court erred by ordering that he serve a consecutive ten year sentence for the first of his two 18 U.S.C. § 924(c) (2006) convictions. After placing this appeal in abeyance for United States v. Summers, 666 F.3d 192 (4th Cir. 2011), cert. denied, 133 S. Ct. 181 (2012), this Court affirmed. See United States v. Shanton, No. 09-4617, 2012 WL 165029 (4th Cir. Jan. 20, 2012) (unpublished). On October 1, 2012, the Supreme Court granted Shanton's petition for a writ of certiorari, vacated the judgment and remanded for further consideration in light of Williams v. Illinois, 132 S. Ct. 2221 (2012). In Williams, the Supreme Court addressed a similar Confrontation Clause issue and affirmed the lower court's judgment. After considering Williams, we affirm.[*]

---

[*] Shanton's sentencing issue, which is independent of his Confrontation Clause issue, will not be discussed.

2

In _Williams_, an expert witness from the Illinois State Police Laboratory testified at a bench trial regarding a DNA match that incriminated the defendant. The Illinois State Police sent Cellmark, an independent laboratory, a vaginal swab and directed Cellmark to conduct DNA analysis. Cellmark returned the vaginal swab and a report containing the DNA analysis. The expert witness testified that the DNA profile obtained by Cellmark from the vaginal swab matched the defendant's DNA profile, which was obtained from the state's forensic database. The expert witness did not have any first hand knowledge of how Cellmark handled the vaginal swab, what tests were actually run on the swab or the manner in which the tests were conducted. However, she was permitted to testify that the DNA taken from the vaginal swab matched to a reasonable degree of medical certainty the defendant's DNA.

Justice Alito authored the plurality opinion joined by three other justices. In the plurality opinion it was found that there was no Confrontation Clause violation because the statements from the Cellmark report were not being used for the truth of the matter asserted. The plurality concluded that the statements from the Cellmark report were used as a premise from which the expert was able to arrive at her opinion. See _Williams_, 132 S. Ct. at 2233-37 (plurality opinion).

3

Justice Thomas authored an opinion concurring in the judgment. He concluded that there was no violation of the Confrontation Clause because the statements at issue, while being admitted for the truth of the matter asserted, lacked the formality and solemnity associated with testimonial evidence. See Williams, 132 S. Ct. at 2255 (Thomas, J., concurring in the judgment). The dissent, authored by Justice Kagan and joined by the remaining three justices, found that the statements were offered for the truth of the matter and did violate the Confrontation Clause. See Williams, 132 S. Ct. at 2265 (Kagan, J., dissenting).

We have considered Williams in conjunction with our decision in Summers, and conclude that the district court's judgment should still be affirmed. If this case were to go before the Supreme Court again, we believe five justices would affirm: Justice Thomas on the ground that the statements at issue were not testimonial and Justice Alito, along with the three justices who joined his plurality opinion, on the ground that the statements were not admitted for the truth of the matter asserted.

After Williams, Summers still has precedential value in this court and in that case we affirmed a Confrontation Clause issue that rose from a similar factual scenario. In fact, Summers presented a slightly more riskier scenario because

4

the expert witness submitted a written report, seen by the jury, that contained some of the non-testifying analysts' raw data. In this case, the Government did not introduce the expert witness' report into evidence, nor was there any testimony on direct examination regarding the actual raw data the expert used to reach her opinion.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>