**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4214

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH SANSOSTI,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:16-cr-00300-HMH-3)

Submitted: February 15, 2022                    Decided: February 22, 2022

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David A. Brown, Sr., FLANNERY GEORGALIS, LLC, Charlotte, North Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; E. Addison Gantt, Attorney Advisor, Executive Office for United States Attorneys, UNITED STATES DEPARMENT OF JUSTICE, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Sansosti appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 924(c), and his 135-month sentence entered pursuant to his guilty plea to this charge, as well as to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and 2, and substantive Hobbs Act robbery, also in violation of 18 U.S.C. § 1951(a) and (2). On appeal, Sansosti challenges the predicate supporting his § 924(c) conviction and his sentence enhancement under U.S. Sentencing Guidelines Manual § 2B3.1. We affirm.

Sansosti first asserts that his § 924(c) charge was "predicated on both the Hobbs Act conspiracy and the substantive Hobbs Act offense" and that, if his plea was based on Hobbs Act conspiracy, his plea should be set aside. The predicate is significant because we have determined that, while conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c), *see United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019), substantive Hobbs Act robbery is unequivocally a "crime of violence." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). To determine which predicate offense underlies a § 924(c) conviction obtained by a guilty plea, we look to "the critical record documents." *United States v. Crawley*, 2 F.4th 257, 267 (4th Cir. 2021), *cert. denied*, 2022 WL 89589 (U.S. Jan. 10, 2022). Such records include the indictment, the plea agreement, the statement of facts, and the plea colloquy. *Id.* at 263-64. At bottom, the inquiry centers on whether "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty," *id.* at 265 (internal quotation marks omitted), and, if so, whether that offense is a valid predicate, *id.* at 263.

2

Here, at Sansosti's Fed. R. Crim. P. 11 hearing, the district court specifically informed Sansosti that the predicate was the substantive crime of Hobbs Act robbery, a valid predicate offense. Moreover, Sansosti pled guilty to Hobbs Act robbery. Thus, the critical record documents clearly establish that Sansosti pled guilty to a § 924(c) offense based on a valid predicate.

In any event, even if Sansosti pled guilty to a § 924(c) offense based on both the conspiracy and the substantive crime, his claim is still barred by *Crawley*, which held that, when a defendant's § 924(c) conviction is "expressly based on [a] valid and invalid predicate," it "remains sound." *Id.* In other words, we will uphold a § 924(c) conviction if it is predicated on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime. *Id.* Accordingly, we affirm Sansosti's § 924(c) conviction.[*]

Sansosti next argues that the district court erred in enhancing his Guidelines range under USSG § 2B3.1 for taking the property of a "financial institution," asserting that a check cashing facility is not a "financial institution." Because Sansosti failed to object

---

[*] In his reply brief, Sansosti argues, for the first time, that the substantive Hobbs Act robbery charge "includes a theory of liability which is necessarily predicated on Mr. Sansosti's involvement in a conspiracy," pointing to the language in the indictment charging that the codefendants undertook the crime "as principals, aiders and abettors, and as co-participants in jointly undertaken criminal activity." This claim is untimely raised. *See United States v. Alston*, 722 F.3d 603, 606, n.4 (4th Cir. 2013) (recognizing that argument raised for first time in reply brief is waived). Moreover, it is based on a misunderstanding of conspiracy law. *See United States v. Flores-Alvarado,* 779 F.3d 250, 255 (4th Cir. 2015) (holding that, in the context of relevant conduct, conspiracy liability is "generally much broader" than jointly undertaken criminal activity); *see also United States v. Simms,* 914 F.3d 229, 233-34 (4th Cir. 2019) (noting that Hobbs Act conspiracy requires only an agreement "to commit actions that, if realized, would violate the Hobbs Act").

below, review is for plain error. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id.* at 685. A plain error affects substantial rights if there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (internal quotation marks omitted). "[T]he defendant bears the burden of satisfying each of the elements of the plain error standard." *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009). If each of those three requirements is satisfied, we still retain discretion on whether to recognize the error, and we will not "do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

USSG § 2B3.1(b)(1) provides for a 2-level enhancement "[i]f the property of a financial institution or post office was taken." We interpret the Sentencing Guidelines assuming that the ordinary meaning of words controls. *United States v. Ward*, 972 F.3d 364, 369 (4th Cir. 2020). The Seventh Circuit has determined that any business that "offers an array of financial services, including check cashing, money transfers, money orders, and loans, surely fits within the plain meaning of the term 'financial institution'" in USSG § 2B3.1. *United States v. Cook*, 850 F.3d 328, 333 (7th Cir. 2017).

According to the presentence report, Carolina Casher, the object of the robbery, is an agent of Western Union and routinely cashes out-of-state checks. Western Union is a financial institution registered with the Securities and Exchange Commission. Applying

4

the plain meaning of "financial institution," we conclude that Carolina Casher falls within the definition. Moreover, even if the district court erred, Sansosti has failed to show that the error was "plain." *See United States v. Johnson*, 945 F.3d 174, 179 (4th Cir. 2019) (noting that an error is plain if it is "clear or obvious, rather than subject to reasonable dispute").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*