**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4459**

UNITED STATES OF AMERICA,

        Plaintiff - Appellant,

    v.

MARTIN JOHNSON,

        Defendant - Appellee.

**No. 18-4457**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARTIN JOHNSON,

        Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:16-cr-00552-GLR-1)

Argued:  October 31, 2019                Decided:  December 18, 2019

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded for resentencing by published opinion. Judge Motz wrote the opinion, in which Judge Diaz and Judge Thacker joined.

---

**ARGUED:** Jason D. Medinger, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellant/Cross-Appellee. Joshua Morgan Wesneski, GIBSON, DUNN & CRUTCHER LLP, Washington, D.C., for Appellee/Cross-Appellant. **ON BRIEF:** Robert K. Hur, United States Attorney, Zachary B. Stendig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellant/Cross-Appellee. Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Matthew D. McGill, GIBSON, DUNN & CRUTCHER LLP, Washington, D.C., for Appellee/Cross-Appellant.

---

DIANA GRIBBON MOTZ, Circuit Judge:

A jury found Martin Johnson, a convicted felon, guilty of unlawful possession of a firearm. The district court, declining to apply two enhancements under the Armed Career Criminal Act (ACCA) and United States Sentencing Guidelines, sentenced Johnson to 51 months' imprisonment and three years' supervised release. The Government appeals, arguing that the district court erred in refusing to count Johnson's prior Maryland conviction for robbery as a "violent felony" under the ACCA and his prior Maryland conviction for possession with intent to distribute as a "controlled substance offense" under the Sentencing Guidelines. Johnson cross-appeals, raising two evidentiary challenges to his conviction and contesting the district court's two-level upward departure in calculating his criminal history at sentencing. For the reasons that follow, we affirm the conviction but vacate Johnson's sentence and remand the case for resentencing.

I.

Around 5:40 AM on September 14, 2016, Baltimore police officers ran a registration check on a car parked at a gas station. They learned that the car's registration was suspended. When the officers activated their lights and sirens and approached, the car was driven away. The police pursued the vehicle and quickly stopped it.

The officers asked the driver, Martin Johnson, to step out. When he refused, they opened a car door and removed him from the vehicle. The officers placed Johnson under arrest for fleeing and eluding police. The officers searched the car and found marijuana and then searched Johnson and found more marijuana. During the latter search, a firearm

3

fell out of the leg of Johnson's pants. In total, the police recovered from Johnson's vehicle and person multiple bags of marijuana, the gun, five rounds of ammunition, and $1,363 cash.

The Government charged and a jury convicted Johnson of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The presentence report (PSR) asserted that Johnson qualified for a fifteen-year mandatory minimum sentence under the ACCA based on three prior convictions, including a 1995 Maryland robbery conviction. In calculating Johnson's base offense level, the PSR concluded that his prior Maryland conviction for possession with intent to distribute constituted a "controlled substance offense" under the Sentencing Guidelines, which would enhance Johnson's base offense level from 14 to 20.

At Johnson's sentencing hearing, the district court rejected both recommendations. The court held that Maryland robbery did not qualify as an ACCA predicate violent felony because it requires no or *de minimis* force, and consequently that Johnson was not subject to the ACCA's fifteen-year mandatory minimum. The court determined that Maryland possession with intent to distribute did not constitute a controlled substance offense under the Guidelines because its distribution element may be satisfied with a mere "offer of distribution." The district court thus set Johnson's base offense level at 14. After enhancing Johnson's offense level for his obstructing or impeding the administration of justice and the gun at issue being stolen, the court reached a final offense level of 18. In determining Johnson's criminal history category, the court departed upward by two levels, from category III to V, based on an underrepresentation of Johnson's criminal history. The

4

offense level of 18 and criminal history category of V resulted in an advisory Guidelines range of 51–63 months.  The district court sentenced Johnson to 51 months' incarceration and three years' supervised release.

The Government timely appealed and Johnson timely cross-appealed.  We first address the trial challenges and then consider the sentencing challenges.

## II.

Johnson contends that the district court made two evidentiary errors that, taken together, require vacatur.  Because Johnson did not object to these evidentiary rulings at trial, we review for plain error.  *See United States v. Olano*, 507 U.S. 725, 731 (1993).  To prevail under this standard, a defendant must show that (1) there was "error" (2) that was "plain" and (3) "affect[ed] substantial rights," and that (4) "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 732 (internal quotation marks omitted).

### A.

Johnson first argues that the many references made by the prosecutor and prosecution witnesses to the marijuana found in his car and on his person could have been understood by the jury to be prejudicial character evidence.  Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Although Johnson does not allege

5

that the marijuana evidence was improperly admitted, he contends that the district court plainly erred in failing to issue, *sua sponte*, a limiting instruction to the jury.

Johnson argues that because the marijuana evidence constituted 404(b) evidence, the district court was *required* to issue a limiting instruction, even though none was requested. He notes that in *United States v. Echeverri-Jaramillo*, 777 F.2d 933, 937 (4th Cir. 1985), we recognized that "[i]n the normal instance, a limiting instruction for other acts or crimes evidence must be given to help guard against undue prejudice in admitting evidence under Rule 404(b)." Johnson, however, ignores the next sentence in that case, which explains that a defendant's failure to request a limiting instruction is relevant in determining whether the lack of an instruction renders a conviction infirm. *See id.* (stating that "given the lack of such a request by [the defendant], the district court's failure to give such an instruction [did] not amount to reversible error").

The district court here, as in *Echeverri-Jaramillo*, "clearly charged the jury that evidence concerning the defendant's guilt or innocence was to be considered only in relation to crimes outlined in the indictment," mitigating the risk that the jury would consider the evidence improperly. *Id.* Moreover, Johnson, unlike the defendant in *Echeverri-Jaramillo*, did not and does not challenge the *admissibility* of the evidence under Rule 404(b), and so gave the district court no notice at all of the potential need for a limiting instruction.

We recognize that "[w]hile our cases suggest that a limited purpose instruction need be given only upon request, they leave open the possibility that the district court must provide one *sua sponte* in some circumstances." *United States v. Brewer*, 1 F.3d 1430,

1435 (4th Cir. 1993) (citations omitted).  We do not foreclose that possibility today, but we cannot say, given the record in this case, that the district court's failure to give a limiting instruction *sua sponte* constituted *plain* error.  *See id.*

B.

Johnson next contends that the district court erred in permitting the Government to cross-examine him about certain prior convictions.  On direct examination, defense counsel asked Johnson about his criminal history, and Johnson recounted several prior convictions: a 1995 conviction for an unspecified offense, a 1998 conviction for drug possession, an unspecified assault conviction, a 2000 conviction for marijuana possession, and an unspecified conviction for possession with intent to distribute.

Before cross-examination, Government counsel argued that defense counsel's questioning opened the door to *all* of Johnson's prior convictions.  Defense counsel responded, "I don't disagree," and the district court permitted the questioning.  After prompting Johnson to clarify that his 1995 conviction was for robbery, the Government then cross-examined him about several other convictions, including a 1996 conviction for battery, a 1999 conviction for unlawful manufacturing of controlled substances, a 2011 conviction for possession with intent to distribute, and a 2007 conviction for driving on a suspended license.

Johnson contends that in permitting the Government to elicit information about his prior convictions, the district court erred.  He points out that the Government can cite no authority holding "that a criminal defendant's testimony about *some* prior convictions entitles the prosecution to cross-examine the defendant about *all* prior convictions."

7

Johnson Reply Br. at 14. The problem for Johnson is that the Government does not bear the burden of showing that the district court ruled correctly. Rather, *Johnson* bears the burden of showing that the court plainly erred. *See United States v. Rodriguez*, 433 F.3d 411, 415 (4th Cir. 2006).

An error is plain if it is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). In an attempt to meet this standard, Johnson relies on a handful of out-of-circuit cases. These cases speak to the limits of "opening the door" in evidentiary matters. *See, e.g.*, *United States v. Schmitt*, 770 F.3d 524, 537–38 (7th Cir. 2014); *United States v. Osazuwa*, 564 F.3d 1169, 1175–76 (9th Cir. 2009). None holds that when a defendant freely testifies about an array of prior convictions, the prosecution, with defense counsel's concurrence, may not ask him about others. We cannot conclude that the district court *plainly* erred in permitting this questioning.

III.

Having rejected Johnson's evidentiary challenges, we turn to the sentencing issues.

A.

First, the Government argues that the district court erred in concluding that Johnson's prior conviction for robbery under Maryland law does not constitute an ACCA "violent felony." The ACCA imposes a fifteen-year mandatory minimum sentence on a defendant, like Johnson, convicted of violating 18 U.S.C. § 922(g) who also has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C.

8

§ 924(e)(1). Johnson concededly has two qualifying ACCA predicate convictions for drug offenses. If Johnson's 1995 Maryland conviction for robbery qualifies as a predicate violent felony, the ACCA's mandatory minimum applies; if the conviction does not qualify, the mandatory minimum does not apply. Our review is de novo. *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017).

As relevant here, an offense qualifies as a violent felony under the ACCA if it is "punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 924(e)(2)(B), and "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 924(e)(2)(B)(i) (the "force clause"). In deciding whether an offense satisfies the force clause, we employ the categorical approach. *Winston*, 850 F.3d at 683. We look to the elements of the offense to resolve "whether the conduct criminalized by the statute, including the most innocent conduct, qualifies" as a predicate. *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008).

The Supreme Court has held that "physical force," as used in the ACCA, "means *violent* force — that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). The *Johnson* Court considered whether battery under Florida law satisfied the force clause. Florida's highest court had held that "*any* intentional physical contact, 'no matter how slight,'" satisfied the element of "touching." *Id.* at 138 (quoting *State v. Hearns*, 961 So.2d 211, 218 (Fla. 2007)). Concluding that *de minimis* force did not amount to violent force, the Supreme Court held that Florida battery did not constitute an ACCA predicate violent felony. *See id.* at 138, 140, 145.

9

Here, we ask what force Maryland robbery requires. We look to the elements of the offense and their interpretation by Maryland courts. *See id.* at 138. Maryland's robbery statute simply provides that "[a] person may not commit or attempt to commit robbery." Md. Code, Crim. Law § 3-402. Case law reveals two ways to commit Maryland robbery: (1) taking by threat of force and (2) taking by force. *See Coles v. State*, 821 A.2d 389, 395 (Md. 2003).

1.

An analysis of the former is straightforward. *Johnson* teaches that "physical force" as used in the ACCA means "force capable of causing physical pain or injury to another person." 599 U.S. at 140. The ACCA's force clause provides that an offense that "has as an element . . . the threatened use of physical force against the person of another" qualifies as a violent felony. 18 U.S.C. § 924(e)(2)(B)(i). Accordingly, an offense involving a threat to use force capable of causing physical pain or injury amounts to a violent felony.

To determine whether a defendant may be convicted of robbery based on a threat of force, Maryland courts ask "whether an ordinary, reasonable person under the circumstances would have been in fear of bodily harm." *Spencer v. State*, 30 A.3d 891, 898 (Md. 2011). In other words, a Maryland conviction for robbery based on a threat of force requires that the defendant spoke and acted in a way that a reasonable person would have understood "as a threat of harm." *Id.* at 899. A Maryland conviction for robbery based on a *threat* of force thus satisfies the ACCA's force clause.

2.

Due to the *Johnson* Court's focus on the quantum of force necessary to satisfy the ACCA, whether Maryland robbery committed by force constitutes a proper predicate involves a more complicated analysis. A conviction for robbery by force in Maryland requires proof that the defendant used either force that overcame the victim's resistance or force capable of causing personal injury. *See West v. State*, 539 A.2d 231, 234 (Md. 1988) ("[I]f there is any injury to the person of the owner in the taking of the property, or if he resists the attempt to rob him, and his resistance is overcome, there is sufficient violence to make the taking robbery, however slight the resistance." (quoting *Cooper v. State*, 265 A.2d 569, 571 (Md. Ct. Spec. App. 1970))). Both kinds of force satisfy the ACCA's force clause.

Force that overcomes a victim's resistance unambiguously satisfies the force clause. *Stokeling v. United States*, 139 S. Ct. 544 (2019), reaffirmed *Johnson*'s premise that nominal contact cannot satisfy the ACCA's force clause. *See id.* at 552–53. *Stokeling* held, however, that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*" and so satisfies the force clause. *Id.* at 553. Consequently, after *Stokeling*, Maryland robbery committed by force that overcomes a victim's resistance constitutes a violent felony.

"[W]hen there is no resistance" by the victim, "the mere force that is required to take possession . . . is not enough" to prove robbery under Maryland law. *West*, 539 A.2d at 234 (quoting *Cooper*, 265 A.2d at 571). The offense requires more than nominal contact. *See id.* at 235 (overturning robbery conviction where the "only force applied was that

11

necessary to take the pocketbook from [the victim's] hand"); *Cooper*, 265 A.2d at 572 (overturning robbery conviction where the "force used was that, and only that, necessary to remove the money from the victim's pocket"). Rather, under Maryland law, the force necessary to prove robbery must be sufficient not only to take the property but also to cause "injury to the person of the owner." *West*, 539 A.2d at 234 (quoting *Cooper*, 265 A.2d at 571). Such force is "capable of causing physical pain or injury" and so satisfies the ACCA's force clause. *Johnson*, 559 U.S. at 140.[1]

Unsatisfied, Johnson makes one last attempt to persuade us that Maryland robbery does not require violent force. He hangs his hat on a snippet from *Snowden v. State*, 583 A.2d 1056 (Md. 1991). He directs us to the following: "Robbery is a compound larceny. It is a larceny from the person accomplished by either an assault (putting in fear) or a battery (violence)." *Id.* at 1059. Johnson argues that because battery requires only an offensive touching, so too does Maryland robbery. But that argument overlooks the parenthetical "(violence)" in *Snowden*, which confirms that Maryland would punish larceny accomplished by *violent* physical contact as robbery, but not necessarily larceny

---

[1] Johnson unpersuasively argues that when the victim does not resist, Maryland robbery requires only an offensive touching. He maintains that *West* and *Cooper* both reversed robbery convictions because of a lack of an offensive touching. But in fact both cases reversed because the defendant neither overcame the victim's resistance *nor* used force capable of causing her injury, not because any touching was inoffensive. *See West*, 539 A.2d at 235 (holding that where the victim "was never placed in fear; she did not resist; she was not injured," "the evidence was not sufficient to establish all elements of the crime of robbery"); *Cooper*, 265 A.2d at 573 (holding that where "the money was suddenly snatched from the victim's pocket — no more force being used than that merely necessary to take possession, and there was no actual resistance to the taking," the record "show[ed] a case of larceny, but not robbery").

accomplished by *offensive*, less than violent, physical contact.[2] Moreover, the immediately preceding sentence in *Snowden* fatally undermines Johnson's argument, for there the *Snowden* court explained: "'Robbery' is also a common law crime and refers to the felonious taking and carrying away of the personal property of another, from his person or in his presence, *by violence or putting in fear*." *Id.* (emphasis added).

In sum, Maryland robbery may be committed by force or threat of force, and each way satisfies the ACCA's force clause. Thus, Maryland robbery constitutes a violent felony under the ACCA.

B.

The Government next contends that the district court erred in holding that Johnson's prior Maryland conviction for possession of a controlled substance with intent to distribute is not a "controlled substance offense" under the Sentencing Guidelines.

The Sentencing Guidelines set a base offense level of 20 for possession of a firearm by a felon if the defendant has a prior felony conviction for a "controlled substance offense." U.S.S.G. § 2K2.1(a)(4). The Guidelines define a "controlled substance offense" in pertinent part as "an offense under federal or state law . . . that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Johnson has a 2012 Maryland conviction for possession (of marijuana) with intent to distribute. The district court held that the

---

[2] For that matter, *none* of the Maryland robbery cases the parties have cited even hint at the possibility of a robbery conviction based on a taking accompanied only by an offensive touching. *See, e.g.*, *Spencer*, 30 A.3d 891 (no mention of "offensive"); *Coles*, 821 A.2d 389 (same); *West*, 539 A.2d 231 (same); *Cooper*, 265 A.2d 569 (same).

conviction did not qualify as a controlled substance offense because it requires only an "offer of distribution" and so set Johnson's base offense level at 14. As with the ACCA, we review de novo and apply the categorical approach. *United States v. Dozier*, 848 F.3d 180, 182–83 (4th Cir. 2017).

Johnson claims that under Maryland law, a defendant may be convicted of possession with intent to distribute merely for *offering* drugs, even if he does not actually intend to complete the sale. He argues that such a bare "offer" to sell drugs does not constitute a controlled substance offense without proof of *intent* to distribute. The three federal courts of appeals to confront this question have agreed. *See United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017); *United States v. Hinkle*, 832 F.3d 569, 572 (5th Cir. 2016); *United States v. Savage*, 542 F.3d 959, 965 (2d Cir. 2008).

These cases, in which our sister circuits found that state offenses did not amount to controlled substance offenses under the Guidelines, are instructive. In each, the state statute at issue *expressly criminalized* an offer to sell drugs. *See Madkins*, 866 F.3d at 1145 (Kansas statute criminalizing "offer for sale"); *Hinkle*, 832 F.3d at 572 (Texas statute defining "deliver" to include "offering to sell"); *Savage*, 542 F.3d at 961 (Connecticut statute defining "[s]ale" as "any form of delivery," including an "offer").

By contrast, such "offer to sell" language is nowhere to be found in Maryland law. The "offer to sell" language is also absent from the criminal code's definitional section. Md. Code, Crim. Law § 5-101. The statute at issue here not only makes no mention of an "offer"; it *requires* proof that a person "possess[ed] a controlled dangerous substance in

14

sufficient quantity reasonably to indicate under all circumstances an intent to distribute or dispense a controlled dangerous substance." *Id.* § 5-602(2).

Moreover, Maryland cases interpreting current law never discuss an "offer." Rather, they unambiguously demand proof of intent to distribute. *See, e.g.*, *Holloway v. State*, 157 A.3d 356, 359 (Md. Ct. Spec. App. 2017) (identifying "intent to distribute" as element of the offense); *Rich v. State*, 44 A.3d 1063, 1069 (Md. Ct. Spec. App. 2012) (requiring proof that "the defendant intended to distribute some or all of the cocaine"); *Johnson v. State*, 788 A.2d 678, 696 (Md. Ct. Spec. App. 2002) (explaining that "the element of intent is generally proved by circumstantial evidence").

Johnson asks us to ignore the language of the Maryland statute and its construction by Maryland courts and instead rely on the following Maryland jury instruction: "The defendant distributed a controlled dangerous substance if [he] sold the substance, which includes exchanging, bartering, or offering it for money." 2 David E. Aaronson, *Maryland Criminal Jury Instructions and Commentary* § 7.46 (3d ed. 2011). We are not persuaded that this instruction demonstrates that a defendant may be convicted solely for offering drugs for money, absent intent to complete the sale. The instruction expressly states that it is derived from *Rosenberg v. State*, 276 A.2d 708 (Md. Ct. Spec. App. 1971). The instruction notes that *Rosenberg* rested on "the language of a previous statute," and "since then, many of the definitions have been rewritten and supplemented." 2 Aaronson § 7.46

15

cmt. B. Johnson himself concedes that *Rosenberg*, decided nearly fifty years ago, interpreted "a now-superseded statute." Johnson Principal & Response Br. at 45.[3]

Johnson's myopic focus on the word "offer" misses the point of the inquiry: whether Maryland possession with intent to distribute requires the intent necessary to qualify as a controlled substance offense. Because the state offense unmistakably "requires proof of actual or constructive possession of a controlled substance and the intent to sell" or distribute it, Johnson's "offer to sell" theory comes up short. *United States v. Olson*, 849 F.3d 230, 232 (5th Cir. 2017). Accordingly, Maryland possession with intent to distribute constitutes a controlled substance offense under the Guidelines.

## IV.

For the foregoing reasons, we affirm Johnson's conviction but vacate his sentence and remand for resentencing consistent with this opinion. Because Johnson will be resentenced on remand, we need not and do not decide whether the district court erred in departing upward by two levels in assigning his criminal history category.

*AFFIRMED IN PART, VACATED IN PART,
AND REMANDED FOR RESENTENCING*

---

[3] Johnson also relies on Maryland's drug forfeiture statute, which provides for the seizure of a controlled substance that is unlawfully "possessed, transferred, sold, or offered for sale." Md. Code, Crim. Proc. § 12-201(a)(1). Although that statute uses the word "offered," it does not purport to define "distribute" and does not reference the statutory offense at issue here. *See id.*