**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4634**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOVON LEE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:18-cr-00544-RDB-1)

Submitted: May 29, 2020                    Decided: June 12, 2020

Before WYNN, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICE OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Joan C. Mathias, Assistant United States Attorney, James G. Warwick, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jovon Lee appeals his jury conviction for possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a), (b)(1)(A) (2018).  On appeal, he contends that the district court erred by allowing a fact witness to offer expert testimony and by not giving a jury instruction on sentencing entrapment.  We affirm.

Because Lee did not object to the challenged testimony in the district court, we review his first issue for plain error.  *See United States v. Johnson*, 945 F.3d 174, 177 (4th Cir. 2019); *United States v. Baptiste*, 596 F.3d 214, 223-24 (4th Cir. 2010).  "To prevail under this standard, a defendant must show that (1) there was 'error' (2) that was 'plain' and (3) 'affect[ed] substantial rights,' and that (4) 'the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Johnson*, 945 F.3d at 177-78 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).  "An error is plain if it is 'clear or obvious, rather than subject to reasonable dispute.'" *Id*. at 179 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  "In order for an evidentiary ruling to be harmless, we must find that the judgment was not substantially swayed by the error." *United States v. Johnson*, 617 F.3d 286, 295 (4th Cir. 2010) (citation omitted).

"Although we have recognized that 'the line between lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one,' the 'guiding principle' in distinguishing lay from expert opinion is that lay testimony must 'be based on personal knowledge.'" *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (quoting *Johnson*, 617 F.3d at 293). "Other factors we have identified for distinguishing lay testimony from expert opinion are: (1) whether the proposed testimony relies on 'some specialized

2

knowledge or skill or education that is not in the possession of the jurors,' and (2) whether the proposed testimony is 'in the form of responses to hypothetical or like questions.'" *Id.* at 143-44 (citation omitted). For example, in *Perkins*, "we reasoned that the police officer could provide his lay opinions" about whether another officer's use of force served a law enforcement purpose "because he had witnessed the use of force at issue and possessed 'particularized experience.'" *Id.* at 144 (citing *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006)). In *Farrell*, we ruled that a lawyer-witness's statement "that he has never paid another lawyer in cash that was related to a case" was "not opinion testimony" but "was fact testimony and was predicated on [his] legal experience." *Id.* In this case, even if the district court plainly erred in allowing the challenged testimony, we conclude that Lee fails to show that the judgment was substantially swayed by the alleged error in light of the other evidence presented at trial.

In his second issue, Lee contends the district court erred in denying his request for a jury instruction on sentencing entrapment. We review a district court's refusal to give a jury instruction for abuse of discretion. *United States v. McLaurin*, 764 F.3d 372, 378-79 (4th Cir. 2014) (citation omitted). We have reviewed the record and conclude that the district court did not abuse its discretion in denying the instruction. We have previously declined to pass definitively on the viability of this defense; and even if we did permit such a defense, we agree with the district court that it would not apply in this case. *See United States v. Ramos*, 462 F.3d 329, 335 (4th Cir. 2006); *United States v. Jones*, 18 F.3d 1145, 1154-55 (4th Cir. 1994).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*