**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4211**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAYLOR MCLANE BEALE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:17-cr-00100-AWA-DEM-1)

_____

Submitted:  January 24, 2023                    Decided:  February 1, 2023

_____

Before DIAZ and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Rodolfo Cejas II, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Kevin Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taylor McLane Beale appeals the 12-month sentence imposed upon the revocation of his supervised release. On appeal, Beale argues that the district court plainly erred by relying on his Bureau of Prisons (BOP) disciplinary record without disclosing that record to the parties in advance of the revocation hearing, which he contends is required by Fed. R. Crim. P. 32.1(b)(2)(B). We affirm.

We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

Because Beale did not object below to the district court's reliance on his BOP record, we review the issue for plain error. *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain, and (3) affects substantial rights." *United States v. Miller*, 41 F.4th 302, 310 (4th Cir. 2022) (cleaned up). Even if Beale satisfies this showing, we will "exercise [our] discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 311 (cleaned up).

"An error is plain if it is clear or obvious, rather than subject to reasonable dispute." *United States v. Johnson*, 945 F.3d 174, 179 (4th Cir. 2019) (internal quotation marks

2

omitted).  That standard is satisfied "if (1) the explicit language of a statute or rule resolves the question or (2) at the time of appellate consideration, the settled law of the Supreme Court or this Court establishes that an error has occurred." *United States v. Davis*, 855 F.3d 587, 595-96 (4th Cir. 2017).  Where we or the Supreme Court have not spoken on an issue, "decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain." *United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002) (internal quotation marks omitted); *see United States v. Carthorne*, 726 F.3d 503, 516  n.14 (4th Cir. 2013) (recognizing that error can be plain in "rare" circumstance in which "sister circuits have taken a uniform position on the issue" (internal quotation marks omitted)).  Absent such authority, "the issue has not been resolved *plainly*." *Davis*, 855 F.3d at 596 (internal quotation marks omitted).  "[T]he *defendant* bears the burden of satisfying each of the elements of the plain error standard." *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009).

"Rule 32.1 of the Federal Rules of Criminal Procedure sets out the basic procedures required during a revocation hearing," serving to "formalize[] the due process rights originally set forth in *Morrisey v. Brewer*, [408 U.S. 471 (1972)]." *Combs*, 36 F.4th at 505-06 (internal quotation marks omitted).  Rule 32.1(b)(2)(B) provides that a defendant "is entitled to . . . disclosure of the evidence against [him]."  The advisory committee notes explain that this requirement extends to "all the evidence against the [defendant]." Fed. R. Crim. P. 32.1 advisory committee's note (1979).  Rule 32.1(b)(2)(B) applies not only to

3

the district court's determination of whether a defendant violated his supervision, but also to the sentencing portion of a revocation proceeding. *Combs*, 36 F.4th at 507.[1]

Here, the district court provided Beale's BOP disciplinary history to the parties early in the hearing before referencing that history when imposing Beale's sentence. Even if the district court should have disclosed Beale's disciplinary record in advance of the revocation hearing—an issue we do not reach—we conclude that any error was not "plain." As Beale acknowledges in his opening brief, neither Rule 32.1(b)(2)(B) nor *Combs* specifies when a defendant must receive notice of the evidence against him.[2] *Morrissey* likewise is silent as to whether the disclosure must occur prior to the revocation hearing. *See United States v. Morrow*, 785 F. App'x 335, 338 (6th Cir. 2019) ("Neither [Rule 32.1(b)(2)(B)] nor [*Morrissey*] says *when* the government must make this disclosure. At the revocation hearing? The day before? A month before?").

Beale identifies no out-of-circuit authority squarely addressing the timing requirement, and we are aware of no authority directly supporting his proposed rule. Although Beale attempts to analogize to Rule 32 of the Federal Rules of Criminal Procedure, which applies to original sentences, the limited authority supporting that

---

[1] The district court did not have the benefit of *Combs*, which was decided after Beale's revocation hearing.

[2] Beale attempts to argue in reply that *Combs* implicitly addressed the timing issue. To the extent that argument is properly before us, *see United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021) (deeming arguments raised for first time in reply waived), *Combs* did not clearly resolve whether prehearing disclosure is required under Rule 32.1(b)(2)(B) and is materially distinguishable on its facts.

argument is insufficient to establish plain error. *See Carthorne*, 726 F.3d at 516 n.14.

Likewise, we are unpersuaded by Beale's attempts to analogize to other provisions in Rule 32.1(b)(2), some of which provide rights applicable during the revocation hearing itself. *See* Fed. R. Crim. P. 32.1(b)(2)(C), (E). In short, we conclude that Beale fails to satisfy his burden to establish that any error by the district court was plain.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*