**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4497**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

SPENC'R DENARD RICKERSON, a/k/a Spencr Rickerson,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:22-cr-00013-KDB-DCK-1)

Submitted:  July 19, 2024                        Decided:  August 20, 2024

Before AGEE, WYNN, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Spenc'r Denard Rickerson was convicted by a jury of bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(a), (d); wire fraud scheme, in violation of 18 U.S.C. § 1343; and aggravated identity theft, in violation of 18 U.S.C. § 1028A, and he was sentenced to an aggregate 72-month term of imprisonment. Rickerson asserts that the district court reversibly erred when it (1) denied his motion to sever prosecution of the bank robbery charge from the wire fraud and aggravated identity theft charges; (2) admitted evidence of his Internet searches regarding bank robberies as intrinsic to the wire fraud and aggravated identity theft charges; and (3) denied the jury's request for a definition of "reasonable doubt." Finding no error, we affirm.

We first conclude that the district court did not err in denying Rickerson's motion to sever. "Under Federal Rule of Criminal Procedure 8(a), a single indictment may charge a defendant with multiple counts if the offenses charged 'are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008) (quoting Fed. R. Crim. P. 8(a)). "Joinder of related charges is broadly permitted to avoid needless duplication of judicial proceedings, particularly where evidence of one charge would be admissible to prove another charge." *Id.* (citation omitted).

Even if offenses are properly joined, however, severance is appropriate if the defendant establishes that he would be prejudiced by the joinder. Fed. R. Crim. P. 14(a). But a defendant moving to sever counts in an indictment has the burden of making "a strong showing of prejudice," *Branch*, 537 F.3d at 341 (internal quotation marks omitted), and "it

2

is not enough to simply show that joinder makes for a more difficult defense," *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). "[T]he district court's denial of a motion to sever should be left undisturbed, absent a showing of clear prejudice or abuse of discretion." *Branch*, 537 F.3d at 341 (internal quotation marks omitted).

We have reviewed the record in conjunction with Rickerson's arguments on appeal and conclude that the district court did not abuse its discretion in denying the motion to sever. Specifically, we find that evidence that Rickerson had a motive to steal money—whether from a bank through armed bank robbery or through fraudulent loan applications and identity theft—and that he participated in a scheme to unlawfully obtain that money overlapped and would have been admissible at both trials if the counts were tried separately. *See id.* We also conclude that a limiting instruction was unnecessary where, as here, all three offenses with which Rickerson was charged were committed as part of a scheme to unlawfully obtain money, Rickerson never requested a limiting instruction, and—given the vast evidence of his guilt as to the three offenses—he can make no particularized showing of patent prejudice. *See United States v. Rhodes*, 32 F.3d 867, 872 (4th Cir. 1994) (rejecting argument that a limiting instruction "is required in each instance," and holding it was unnecessary in the case before it because "three of the narcotics and firearms offenses were all being committed at the same instant," "the case [wa]s so obviously one for joinder," and defendant did not request a limiting instruction or make a showing of prejudice).

Next, we conclude that the district court did not err in admitting evidence related Rickerson's robbery-related Internet searches. Rule 404(b) of the Federal Rules of

3

Evidence prohibits the introduction of evidence of past crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "But Rule 404(b) only excludes bad acts evidence that is extrinsic to the charged offense." *United States v. Denton*, 944 F.3d 170, 185 (4th Cir. 2019). "Acts that are intrinsic to the charged offense, by contrast, do not fall under Rule 404(b)'s limitations on admissible evidence." *Id.* at 186 (internal quotation marks omitted).

"Bad acts are intrinsic to the charged offense when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* (internal quotation marks omitted). "And bad acts are inextricably intertwined with the evidence regarding the charged offense if they form an integral and natural part of the witness's accounts of the circumstances surrounding the charged offense." *Id.* (cleaned up). We have also "explained that bad acts evidence is intrinsic when it is essential to the story of the crime or provides context to the charged offense." *Id.* (internal quotation marks omitted).

Notably, Rule 404(b) is "a rule of inclusion" that permits "all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Byers*, 649 F.3d 197, 206 (4th Cir. 2011) (internal quotation marks omitted). Four criteria guide the admission of evidence under the rule. *United States v. Williams*, 740 F.3d 308, 314 (4th Cir. 2014), *abrogated on other grounds, Hein v. North Carolina*, 574 U.S. 54 (2014). First, the evidence must be "relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant." *Id.*

4

Second, the "act must be necessary in the sense that it is probative of an essential claim or an element of the offense." *Id.* Third, "[t]he evidence must be reliable." *Id.* Finally, the probative value of the evidence "must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *Id.*

"[U]nfair prejudice is not shown merely because the evidence is damaging to a defendant's case, since highly probative evidence invariably will be prejudicial to the defense.'" *United States v. Bell*, 901 F.3d 455, 465 (4th Cir. 2018) (cleaned up). Whether a district court erroneously found "that evidence is intrinsic to a charged offense" is an "evidentiary ruling[]" that this court reviews "for abuse of discretion." *United States v. Bush*, 944 F.3d 189, 194-95 (4th Cir. 2019).

We conclude that evidence regarding Rickerson's robbery-related Internet searches was intrinsic to the three offenses for which Rickerson was on trial as it was "essential to the story of [his] crime[s]" and "provide[d] context to the charged offense[s]." *Denton*, 944 F.3d at 186 (internal quotation marks omitted). And, in the absence of a request by Rickerson that a limiting instruction be provided regarding the Internet searches, the district court did not reversibly err by not providing such an instruction. *See United States v. Johnson*, 945 F.3d 174, 178 (4th Cir. 2019) (recognizing that the court's "cases suggest that a limited purpose instruction need be given only upon request, [and] leave open the possibility that the district court must provide one sua sponte in some circumstances," but refusing to find plain error in the case before it, in part because the defendant "did not . . . challenge the admissibility of the evidence under Rule 404(b)" in the district court (cleaned

up)); *see also United States v. Johnson*, 996 F.3d 200, 223-24 & n.9 (4th Cir. 2021) (recognizing that "[w]hile courts normally have no obligation to provide [a limiting] instruction absent a request by the parties, they may nonetheless do so sua sponte," and finding that district court erred in admitting certain prejudicial evidence—even though neither party requested a limiting instruction—where the Government did not argue harmless error on appeal (citation omitted)).

But even if it was error for the district court to admit evidence regarding Rickerson's robbery-related Internet searches, and to do so without sua sponte issuing a limiting jury instruction, the Government correctly argues that any error was harmless. Notably, the jury in Rickerson's trial heard overwhelming evidence that Rickerson committed each of the offenses of which he was convicted, including video surveillance evidence, cell phone geolocation evidence, expert witness testimony, financial records, and documentary evidence that included the fraudulent loan applications supporting the wire fraud and identity theft convictions. Given the strength of the Government's case against Rickerson, we can say, "with fair assurance, after pondering all that happened without stripping erroneous action from the whole, that the judgment was not substantially swayed by the error," *United States v. Ebert*, 61 F.4th 394, 404-405 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 149 (2023).

Last, we reject Rickerson's argument that all three of his convictions must be vacated because the district court refused the jury's request for an additional definition of "reasonable doubt." While a district court "*may* define reasonable doubt to a jury," *United States v. Frazer*, 98 F.4th 102, 115 (4th Cir. 2024) (emphasis added), this court has "long

6

maintained that district courts shouldn't attempt to define 'reasonable doubt,'" *United States v. Wiley*, 93 F.4th 619, 631 (4th Cir.), *cert. denied*, No. 23-7481, 2024 WL 2883873 (U.S. June 10, 2024).  This is so because "reasonable doubt has a self-evident meaning to the lay juror" and "attempts to explain the term tend to alter or to obfuscate its meaning." *Id.* (cleaned up).  As we recently held, "any definition of 'reasonable doubt' is more confusing than helpful." *Id.* (internal quotation marks omitted).

Contrary to Rickerson's arguments here, we conclude that the district court faithfully adhered to this court's strong admonition in declining to instruct the jury on the meaning of "reasonable doubt" beyond the explanation it provided during its charge to the jury.  Indeed, any further instruction by the district court would have risked "confusing" the jury.  *Id.*  But even if the district court misunderstood its authority to further define "reasonable doubt" for the jury, we again conclude that—given the overwhelming evidence of Rickerson's guilt—it is "clear beyond a reasonable doubt that a rational jury would have found [Rickerson] guilty absent the error." *United States v. Ramos-Cruz*, 667 F.3d 487, 496 (4th Cir. 2012) (internal quotation marks omitted).

Based on the foregoing, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7