**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-6604**

─────────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　v.

DAVID WILBERT SHANTON, SR.,

　　　　　　　Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:08-cr-00142-CCB-1; 1:14-cv-03194-CCB)

─────────────

Argued:  September 25, 2024　　　　　　　　　Decided:  January 14, 2025

─────────────

Before DIAZ, Chief Judge, and NIEMEYER and QUATTLEBAUM, Circuit Judges.

─────────────

Affirmed by published opinion.  Judge Niemeyer wrote the opinion, in which Chief Judge Diaz and Judge Quattlebaum joined.

─────────────

**ARGUED:**  Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Jason Daniel Medinger, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF:**  James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

NIEMEYER, Circuit Judge:

The oft-repeated question of whether a state crime is a "violent felony" as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), is presented here with respect to whether the Maryland crime of robbery, Md. Code Ann., Crim. Law § 3-402, is such a crime. If it is, then the defendant, David Shanton, Sr., was properly subject to an enhanced 15-year minimum sentence for his convictions under 18 U.S.C. § 922(g)(1) (prohibiting gun possession by a felon), because he had three previous convictions for a violent felony. If not, he was subject to only a 10-year maximum sentence for such an offense. *See id.* § 924(a)(2) (2006) (amended 2022). We conclude that Maryland robbery does qualify as a violent felony and therefore affirm the judgment of the district court.

I

In October 2007, about one month after Shanton finished serving a 20-year sentence for bank robbery, he and his grandson committed an armed bank robbery in Hagerstown, Maryland. During the robbery, Shanton, armed with a shotgun, threatened to kill anyone who called the police. He also pointed the shotgun at a deputy sheriff while fleeing the scene and escaped with close to $34,000. One month later, Shanton and another accomplice attempted to rob a different bank in Hagerstown, but this time Shanton was apprehended. He was indicted for both bank robberies and related conduct and convicted by a jury on two counts of armed bank robbery, in violation of 18 U.S.C. § 2113; one count of discharging a firearm during and in relation to a crime of violence, in violation of § 924(c)(1)(A)(iii); one count of brandishing a firearm during and in relation to a crime of

2

violence, in violation of § 924(c)(1)(A)(ii); and two counts of possessing a firearm after having been convicted of a felony, in violation of § 922(g)(1).

The presentence report, prepared in advance of sentencing, indicated that Shanton qualified for a sentence enhancement on his two § 922(g)(1) convictions under the Armed Career Criminal Act ("ACCA"), which provides for a 15-year minimum sentence for a person found guilty of illegally possessing a gun, in violation of § 922(g), if the person has at least three prior convictions for a "violent felony" committed on different occasions. *See* 18 U.S.C. § 924(e)(1). The probation officer identified four prior convictions to support the enhancement: (1) Shanton's 1974 Maryland convictions for assault and robbery; (2) his 1975 Maryland convictions for "yoking," assault, and robbery; (3) his 1982 West Virginia conviction for armed robbery; and (4) his 1991 federal conviction for bank robbery.

Shanton did not object to the proposed enhancement and therefore was subject at sentencing to a 15-year mandatory minimum sentence for each of his § 922(g)(1) convictions. The district court sentenced Shanton to 188 months' imprisonment for each of his two armed bank robbery convictions and to 188 months' imprisonment for each of his two § 922(g)(1) convictions, all to be served concurrently. The court also imposed consecutive terms of 120 months' imprisonment for his first § 924(c) conviction and 300 months' imprisonment for his second § 924(c) conviction. In total, the district court imposed a term of imprisonment of 608 months (over 50 years). We affirmed Shanton's convictions and sentence on direct appeal. *See United States v. Shanton*, 513 F. App'x 265 (4th Cir. 2013) (per curiam).

3

Shanton thereafter filed a motion under 28 U.S.C. § 2255, arguing that his convictions should be vacated due to defects in his indictment. While that motion was pending, however, the Supreme Court handed down its decision in *Samuel Johnson v. United States*, 576 U.S. 591, 606 (2015), holding that the "residual clause" in ACCA's definition of "violent felony" was unconstitutionally vague. Accordingly, the district court permitted Shanton, with the assistance of appointed counsel, to supplement his § 2255 motion to challenge the constitutionality of his ACCA-enhanced sentences on his two § 922(g)(1) convictions. In his supplement, Shanton argued that his 1974 Maryland convictions for assault and robbery and his 1975 Maryland convictions for yoking, assault, and robbery no longer qualified as predicate convictions under the remaining portion of ACCA's definition of "violent felony." The relevant remaining portion — the "elements clause" — provides that "any crime punishable by imprisonment for a term exceeding one year" that "has *as an element* the use, attempted use, or threatened use of physical force against the person of another" qualifies as a "violent felony." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). Because Shanton's prior Maryland assault convictions did not qualify as violent felony convictions, *see United States v. Royal*, 731 F.3d 333, 342 (4th Cir. 2013), the parties focused their arguments exclusively on whether Shanton's two previous Maryland robbery convictions qualified as violent felony predicates under ACCA's elements clause.

Contending that Maryland robbery did not qualify, Shanton ultimately grounded his argument on *Borden v. United States*, 593 U.S. 420 (2021), which held that crimes that can be committed by harming someone *recklessly* or *negligently* do not have as an element "the

4

use . . . of physical force against the person of another," as that phrase is used in ACCA. Shanton argued that Maryland robbery "can be committed with the *reckless* use of force" and therefore no longer qualifies as a violent felony under *Borden*.

The district court rejected Shanton's argument, concluding that "controlling Fourth Circuit precedent" established "that 'Maryland robbery constitutes a violent felony under the ACCA'" (quoting *United States v. Martin Johnson*, 945 F.3d 174, 181 (4th Cir. 2019)), and that that precedent remained binding even after the Supreme Court's subsequent decision in *Borden*. Accordingly, the district court denied Shanton's § 2255 motion. It did, however, issue a certificate of appealability "on the question of whether Maryland robbery may serve as a predicate offense under [ACCA]." Shanton has appealed that issue.

II

To enhance Shanton's sentences under ACCA for his violations of 18 U.S.C. § 922(g)(1), the court relied on, among other convictions, his two prior Maryland robbery convictions, one from 1974 and the other from 1975. If Maryland robbery no longer qualifies as a "violent felony," Shanton would not have the requisite number of predicate convictions to trigger the ACCA enhancement.

ACCA provides for an enhanced sentence for § 922(g)(1) violations if the defendant had at least three prior convictions for a "violent felony" committed on different occasions. 18 U.S.C. § 924(e)(1). And, as relevant here, it defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

5

We have held that Maryland robbery does satisfy the elements clause and thus constitutes a violent felony under ACCA. *See United States v. Martin Johnson*, 945 F.3d 174, 181 (4th Cir. 2019). Ordinarily, that decision would be dispositive of this appeal. But after we published it, the Supreme Court handed down *Borden*, which held that a "violent felony" requires a mens rea more culpable than mere recklessness or negligence. 593 U.S. at 423. Shanton argues that *Borden* renders our prior case law on Maryland robbery, which did not address mens rea, inapplicable to the issue before us.

In *Borden*, five Justices agreed to the judgment, but they were split on its rationale. Writing for the plurality, Justice Kagan focused on the clause in ACCA's definition of "violent felony" that requires the "*use* of physical force *against* the person of another," reasoning that the "use of force" component "denotes volitional conduct" and that "the pairing of volitional action with the word 'against' supports that word's oppositional, or targeted, definition." *Borden*, 593 U.S. at 430–31 (plurality opinion) (emphasis added). Justice Kagan explained, "The phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator *direct his action at, or target, another individual*," *id.* at 429 (emphasis added) — in other words, "the statutory language Congress enacted requires that force be *directed at*, rather than just happen to hit, an object," *id.* at 437 (emphasis added). Based on this, the plurality concluded that such conduct requires an application of force with a mens rea more culpable than recklessness or negligence. *Id.* at 432.

Writing separately in support of the Court's judgment, Justice Thomas rested his analysis on the phrase "use of physical force," reasoning that "that phrase has a well-

6

understood meaning applying only to *intentional acts designed to cause harm*." *Borden*, 593 U.S. at 446 (Thomas, J., concurring in the judgment) (emphasis added) (cleaned up).

Thus, regardless of the reasoning, to qualify as a "violent felony" under ACCA's elements clause, a crime must, under *Borden*, be committed with a mens rea more culpable than mere recklessness or negligence. Therefore, the question presented here is whether Maryland robbery in 1974 and 1975 could be committed recklessly or negligently so as to disqualify Shanton's Maryland robbery convictions from being violent felony predicates under ACCA.

Maryland's robbery statute provides simply that "[a] person may not commit or attempt to commit robbery" and that a person convicted of robbery is subject to up to 15 years' imprisonment. Md. Code Ann., Crim. Law § 3-402. Until 2000, robbery was a common law crime, but when the Maryland General Assembly codified it as a statutory offense, it specified that robbery would "retain[] its judicially determined meaning," subject to two codified exceptions that are not applicable here. Md. Code Ann., Crim. Law § 3-401(e); *see also Dickson v. United States*, 274 A.3d 366, 369 (Md. 2022). Because Shanton's Maryland robbery convictions occurred before this codification, the elements of his crimes were solely those that had been judicially determined.

The Supreme Court of Maryland has long provided a consistent definition of robbery that tracks the traditional elements of robbery at common law. Specifically, Maryland robbery is "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear." *Coles v. State*, 821 A.2d 389, 394 (Md. 2003) (citation omitted); *see also Foster v. State*, 464

7

A.2d 986, 997–98 (Md. 1983); William L. Clark & William L. Marshall, *Law of Crimes* § 12.09, at 781 (6th ed. 1952) (defining common-law robbery as "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear"). Thus, as the Maryland Supreme Court has recently explained, "the essence of Maryland robbery is the *use* of 'violence' or 'putting in fear' *to take property from* another's 'person.'" *Dickson*, 274 A.3d at 378 (emphasis added). This formulation, which is also the common-law formulation, parrots in material respect ACCA's definition of "violent felony," which requires proof that the defendant *used*, attempted to use, or *threatened to use* "physical force *against* the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). Consistent with ACCA, Maryland's robbery formulation couples the "use" of force, which requires volitional conduct, with a taking from another's person, which is conduct consciously directed at the person. And volitional conduct directed at another is plainly indicative of a mens rea more culpable than recklessness or negligence, as the Supreme Court held in *Borden*. *See* 593 U.S. at 431–32 (plurality opinion); *id.* at 446 (Thomas, J., concurring in the judgment). *Borden* thus does not undermine our prior decisions holding that Maryland robbery is a violent felony.

Moreover, because Maryland robbery has been judicially defined to be the same as the traditional common-law definition of robbery, the Supreme Court's decision in *Stokeling v. United States*, 586 U.S. 73 (2019), addressing common-law robbery is pointedly informative. The Supreme Court there recognized that common-law robbery was "the quintessential ACCA-predicate crime." *Id.* at 80. The *Stokeling* Court explained that "at common law, an unlawful taking was merely larceny *unless the crime involved*

8

*violence*." *Id.* at 77 (emphasis added) (cleaned up). Thus, what traditionally separated larceny from common-law robbery was that the latter required the government to prove that the defendant *used*, or threatened to use, force *against* the person of another. *See id.* at 78 (explaining that "common-law authorities" recognized that for the crime to constitute robbery, "[s]ufficient *force* must be used to overcome resistance" and that "[i]f there is any injury to the person of the owner, or if he resists the attempt to rob him, and his resistance is overcome, there is sufficient *violence* to make the taking robbery, however slight the resistance" (quoting W. Clark & W. Marshall, *Law of Crimes* 553 (H. Lazell ed., 2d ed. 1905))). In explaining the force required for common-law robbery, the Court indicated that it involves "a violent act *directed against* a robbery victim." *Id.* at 83 (cleaned up); *see also id.* at 77–79. And this is identical to *Borden*'s recognition that a crime only qualifies as a violent felony under ACCA's elements clause if the defendant must "direct his action at, or target, another individual," thus requiring a mens rea more culpable than mere recklessness or negligence. 593 U.S. at 429 (plurality opinion).

The *Stokeling* Court also observed that when Congress enacted the current version of ACCA's definition of "violent felony," it did so against this background understanding of common-law robbery. 586 U.S. at 79–80. Thus, as *Stokeling* emphasized, "robbery has always been within the category of violent, active crimes that Congress included in ACCA." *Id*. at 83 (cleaned up).

At bottom, we can safely conclude that the mens rea of common-law robbery, including Maryland robbery, well matches the mens rea of a violent felony under ACCA.

9

Shanton argues nonetheless that the mens rea contained in common-law robbery, and thus Maryland robbery, is restricted to the larceny element of the crime, not the violence element.  He relies on Maryland cases that have held that the "intent to steal" must exist "at the time of the taking," but that "[i]f the force precedes the taking, the intent to steal need not coincide with the force." *Stebbing v. State*, 473 A.2d 903, 915 (Md. 1984). Thus, as *Stebbing* recognized, "[i]t is sufficient if there be force followed by a taking with intent to steal as part of the same general occurrence or episode." *Id.*; *see also Metheny v. State*, 755 A.2d 1088, 1104–05 (Md. 2000).  Relying on the Maryland Supreme Court's recognition that the force in a robbery offense can occur before the defendant has formulated the intent to steal, Shanton theorizes that a person could commit Maryland robbery by injuring someone negligently or recklessly and then, instead of offering to help, exploiting the situation to steal property from the person he has just injured.

Shanton, however, reads too much into *Stebbing* and *Metheny*.  In both cases, the defendant *intentionally* strangled a victim and then, once the victim had been killed, intentionally took personal property from the victim's body.  The Maryland Supreme Court recognized that this conduct supported a robbery conviction, explaining in *Stebbing* that even if "the intent to steal was not formed until after the force had resulted in [the victim's] death, the taking and asportation of [the victim's] belongings would still be robbery." 473 A.2d at 914.  The court supported its ruling with a survey of cases from a variety of jurisdictions, from which it concluded that its holding represented the majority rule.  And in all the decisions the court cited for support, the defendant had *intentionally* applied force against the victim and then, once the victim was injured, decided to steal property from

10

him or her. *See id.* at 914–15. The *Stebbing* court also quoted with approval a passage from LaFave's criminal law treatise that explored whether "robbery require[s] that the defendant's violence-or-intimidation acts be done for the very purpose of taking the victim's property, or [whether it was] enough that he takes advantage of a situation which *he created for some other purpose,*" before indicating that "[t]he great weight of authority favors the latter view." *Id.* (emphasis added) (quoting Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* § 94, at 701–02 (1972)). Read as a whole, then, *Stebbing* indicates that while the defendant can injure the victim before forming the intent to steal, the crime of robbery is committed only if the injury was also *intentionally* inflicted, as distinct from being recklessly or negligently caused.

This reading also finds support in *Metheny*, where the Maryland Supreme Court explained and applied the *Stebbing* holding. In that case, the court stated that the rule announced in "*Stebbing* [was] an exception to the general requirement that the intent to commit a crime [*e.g.*, the intent to steal] accompany a forbidden act" but that the "exception [was] justified, in part, because *a felon who applies force to neutralize a victim* should be held responsible for that action if the felon later decides to take advantage of the situation by robbing the victim." *Metheny*, 755 A.2d at 1105 (emphasis added). As the *Metheny* court emphasized, the exception applies only when the defendant "takes advantage of a situation which *he created for some other purpose.*" *Id.* (emphasis added) (cleaned up). Thus, like *Stebbing*, *Metheny* also indicates that the force must have been intentionally employed, as well as the property intentionally taken, for the crime to constitute robbery.

11

Were there any doubt, the Maryland Supreme Court's recent decision in *Dickson* laid it to rest. Summarizing decades of its robbery jurisprudence, the Maryland Supreme Court agreed with the government "that *the use* or *threatened use* of force *against the person* is an essential element of every robbery under Maryland law." *Dickson*, 274 A.3d at 370 (emphasis added). And, of course, as explained in *Borden*, force is not *used against* a person if it is applied with mere negligence or recklessness. 593 U.S. at 430–32 (plurality opinion).

To circumvent this conclusion, Shanton attempts to construct his own definition of robbery using isolated clips from Maryland opinions. But his definition would contradict the Maryland Supreme Court's own clear definition of robbery. He begins with a quotation from *Snowden v. State* that described robbery as "a larceny from the person accomplished by either an assault (putting in fear) or a battery (violence)." 583 A.2d 1056, 1059 (Md. 1991). And building on it, he argues that because a battery can be committed with a negligent or reckless mens rea, *see Duckworth v. State*, 594 A.2d 109, 140 (Md. 1991), it follows that robbery can also be so committed. Yet, as we explained in *Martin Johnson*, rejecting a very similar argument, this contention "overlooks the parenthetical '(violence)' in *Snowden*, which confirms that Maryland would punish larceny accomplished by *violent* physical contact as robbery, but not . . . larceny accomplished by *offensive*, [but] less than violent, physical contact." 945 F.3d at 181. While the *Snowden* court did indeed refer to robbery as being larceny plus assault or battery, it further defined the battery component more narrowly than Maryland's common-law battery by adding the limiting word "violence." And the Maryland Supreme Court further made clear that such violence refers

12

to the "*use* of force *against* the person." *Dickson*, 274 A.3d at 370 (emphasis added). This formulation mirrors exactly ACCA's definition of "violent felony" and precludes Shanton's premise that Maryland robbery can be committed by injuring someone negligently or recklessly and thereafter stealing their property.

At bottom, consistent with our prior decision in *Martin Johnson*, Maryland robbery remains a quintessential violent felony under ACCA, *see Stokeling*, 586 U.S. at 80, and *Borden* only confirms this conclusion.

The district court's judgment denying Shanton's § 2255 motion is accordingly affirmed.

AFFIRMED